# EXHIBIT 1

**Exhibit 1**

## Case Information

CC-21-02701-E | BEAU HEARN vs.KROGER TEXAS, L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-21-02701-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 07/02/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
HEARN, BEAU

Active Attorneys ▾
Lead Attorney
HARTLEY, AUSTIN
Retained

DEFENDANT
KROGER TEXAS, L.P.

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE
COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

07/02/2021 NEW CASE FILED (OCA)

07/02/2021 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

   Comment
   PLAINTIFF S ORIGINAL PETITION

07/06/2021 ISSUE CITATION ▾

ISSUE CITATION

   Comment
   E-SERVE ENV# 55058705

07/06/2021 CITATION (SERVICE)▾

Served
07/08/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
ATTORNEY

Returned
07/09/2021

07/09/2021 RETURN OF SERVICE ▾

KROGER TEXAS, L.P.,

   Comment
   KROGER TEXAS, L.P., SERVED 7/8/21 AT 11:15 AM

07/13/2021 ORIGINAL ANSWER ▾

DEFEDNANT'S ORIGINAL ANSWER

   Comment
   DEFENDANT'S ORIGINAL ANSWER

07/13/2021 JURY TRIAL DEMAND

# Financial

HEARN, BEAU

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $281.00 |
| | Total Payments and Credits | | | $281.00 |
| 7/6/2021 | Transaction Assessment | | | $281.00 |
| 7/6/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-06698 | HEARN, BEAU | ($281.00) |

KROGER TEXAS, L.P.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |
| 7/13/2021 | Transaction Assessment | | | $40.00 |
| 7/13/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-07046 | KROGER TEXAS, L.P. | ($40.00) |

# Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

KROGER TEXAS, L.P.,

DEFEDNANT'S ORIGINAL ANSWER

# EXHIBIT 2

**Exhibit 2**

7/2/2021 10:01 /
JOHN F. WARRE
COUNTY CLEI
DALLAS COUN

CAUSE NO. ___CC-21-02701-E___

| | | |
|---|---|---|
| **BEAU HEARN** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **KROGER TEXAS L.P.** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beau Hearn, Plaintiff, complaining of Defendant, Kroger Texas, L.P. and for causes of action would respectfully show unto the Court as follows:

### I.   DISCOVERY LEVEL

Pursuant to the Texas Rules of Civil Procedure, Plaintiff designates this as a Level 2 discovery action.

### II.   PARTIES

Plaintiff is a resident of Dallas County, Texas.

Defendant, Kroger Texas, L.P. is a foreign limited partnership that is registered with the Secretary of State of Texas to transact business in Texas, and is doing business as Kroger. Kroger Texas L.P.'s principal office is located at 1014 Vine Street Cincinnati, Ohio 45202. Defendant may be served citation through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

Pursuant to § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County.

### IV.   MISNOMER/ALTER EGO

In the event that any parties are misnamed or are not included herein, Plaintiff contends that such error or omission was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### V.   FACTUAL ALLEGATIONS

Plaintiff was employed as a gas station attendant for Defendant Kroger Texas, L.P. ("Kroger"). At the time of the occurrence complained of herein and at all times material thereto, Defendant Kroger was eligible to become a subscriber to the Texas Worker's Compensation Act, but, chose not to participate and was not a subscriber at the time Plaintiff sustained the injuries made the subject of this litigation.  As a nonsubscriber, Defendant is denied any and all defenses at common law with regard to Plaintiff's causes of action.   Defendant is expressly forbidden from utilizing the defenses of either assumption of risk, contributory negligence and the fellow employee doctrine pursuant to applicable state statute. Defendant controlled every aspect of Plaintiff's employment including Plaintiff's work schedule, training, the equipment provided for Plaintiff's use and supervised the work Plaintiff performed. Plaintiff's injuries are compensable injuries which Plaintiff contends he would not have sustained absent Defendant's negligence. The equipment Defendant provided for Plaintiff's use when he was injured was a defective stool. Plaintiff was required to use Defendant's defective stool or stand for his entire shift. The defective stool was the only piece of equipment provided by Defendant for Plaintiff to sit on. On information and belief, Defendant had been placed on notice of the defective

**PLAINTIFF'S ORIGINAL PETITION**                                        Page **2** of **5**

stool prior to Plaintiff's injury but failed to replace or fix the stool. When sitting on the stool during his shift, the stool collapsed and crumpled causing Plaintiff to fall to ground. Plaintiff sustained a fractured thumb. Plaintiff now sues for recovery of monetary damages in an amount within the jurisdiction of the Court.

### VI. CAUSE OF ACTION: EMPLOYER NEGLIGENCE

Defendant, as an employer, has certain absolute, non-delegable, and continuous duties to Plaintiff, its employee. Specifically, Defendant is required:

a. to provide a reasonably safe place to work;

b. to properly instruct, supervise and train their supervisory employees how to instruct, train and supervise Plaintiff on how to perform her assigned duties in a reasonably safe manner.

c. to supply reasonably safe and or suitable equipment.

d. to establish reasonable safety rules and regulations

Defendant breached these duties by failing to exercise ordinary care, caution and diligence in the operation, maintenance and management of the equipment they provided for Plaintiff's use. Defendant also breached these duties by failing to warn Plaintiff of the dangers of sitting on a defective stool when defendant knew or should have known of the potential for such injuries; failing to properly train Plaintiff on how to safely perform his required tasks under the circumstances and thereby avoid and/or prevent such injuries; and/or failing to establish reasonable safety rules and regulations for performing such tasks under such conditions.

### VII.    DAMAGES

Plaintiff sustained a fractured thumb. Plaintiff would show that as a direct result of the negligent acts and/or omissions to act as set forth above, Plaintiff sought

**PLAINTIFF'S ORIGINAL PETITION**                              Page **3** of **5**

reasonable and necessary medical treatment in the past, and will, in all probability continue to require additional care into the foreseeable future, for which Plaintiff seeks monetary damages in an amount within the jurisdiction of the court. Plaintiff suffered past physical pain, suffering, mental anguish and will, in all reasonable probability, continue to suffer same for the remainder of his natural life, for which Plaintiff now sues seeking recovery of monetary damages in the amount within the jurisdiction of this Court. Further, Plaintiff suffered impairment and disfigurement in the past and in all reasonable probability will continue to suffer impairment and disfigurement in the future. Finally, Plaintiff sustained lost wages and lost earning capacity both in the past and in the future.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred and fifty thousand dollars ($250,000). Plaintiff reserves the right to amend these amounts.

### VIII. U. S. LIFE TABLES

Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

### IX. JURY DEMAND

Plaintiff respectfully requests a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear herein, and upon final trial, the jury award the following:

1. A money judgment for actual and special damages in an amount to be determined by a jury;

**PLAINTIFF'S ORIGINAL PETITION**             Page **4** of **5**

2. Judgment for pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Judgment for all costs of Court;

4. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**HARTLEY LAW FIRM**

/s/ Austin F. Hartley

Austin F. Hartley
State Bar No. 24087676
Email: austin@hartleylaw.com
2340 E. Trinity Mills Rd., Ste. 100
Carrollton, Texas 75006
Telephone: (469) 289-6063
Facsimile: (972) 692-7122

*AND*

**CARSE LAW FIRM**

/s/ Tom Carse
Tom Carse
State Bar No. 00796310
Email: service@carselaw.com
6220 Campbell Road, Ste. 401
Dallas, Texas, 75248
Telephone: (972) 503-6338
Facsimile: (972) 503-6348
**ATTORNEYS FOR PLAINTIFF
BEAU HEARN**

# EXHIBIT 3

**Exhibit 3**

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-21-02701-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX  78701**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BEAU HEARN**
*Plaintiff(s)*

**VS.**

**KROGER TEXAS, L.P.**
*Defendant(s)*

filed in said Court on the 2nd day of July, 2021, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 6th day of July, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez



---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-21-02701-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

BEAU HEARN, *Plaintiff(s)*

**VS.**

KROGER TEXAS, L.P., *Defendant(s)*

**SERVE:**
**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**DBA CSC-LAWYERS**
**INCORPORATING SERVICE**
**COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX  78701**

**ISSUED THIS**
**6TH DAY OF JULY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

AUSTIN HARTLEY
HARTLEY LAW FIRM
2340 E TRINITY MILLS RD SUITE 100
CARROLLTON TX  75006
469-289-6063

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-21-02701-E   County Court at Law No. 5

BEAU HEARN vs. KROGER TEXAS, L.P.

**ADDRESS FOR SERVICE:**
KROGER TEXAS, L.P.
SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX  78701
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to KROGER TEXAS, L.P. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT 4

**Exhibit 4**

Electronically Filed
7/6/2021 11:38 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-21-02701-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-**
**LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX  78701**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BEAU HEARN**
*Plaintiff(s)*

**VS.**

**KROGER TEXAS, L.P.**
*Defendant(s)*

filed in said Court on the 2nd day of July, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 6th day of July, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ ,Deputy
     Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-21-02701-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

BEAU HEARN, *Plaintiff(s)*

**VS.**

KROGER TEXAS, L.P., *Defendant(s)*

---

**SERVE:**

**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**DBA CSC-LAWYERS**
**INCORPORATING SERVICE**
**COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX  78701**

**ISSUED THIS**
**6TH DAY OF JULY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

---

Attorney for Plaintiff

AUSTIN HARTLEY
HARTLEY LAW FIRM
2340 E TRINITY MILLS RD SUITE 100
CARROLLTON TX  75006
469-289-6063

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## **AFFIDAVIT OF SERVICE**

State of Texas                          County of Dallas                          At Law No. 5 County Court

Case Number: CC-21-02701-E

Plaintiff:
**BEAU HEARN**

vs.

Defendant:
**KROGER TEXAS L.P.**

Received by Stealth Process on the 6th day of July, 2021 at 6:09 pm to be served on **Kroger Texas, L.P. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **8th day of July, 2021** at **11:15 am, I:**

Delivered a true copy of the **Citation; Plaintiff's Original Petition** with the date of service endorsed thereon by me, to **Kroger Texas, L.P. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**, by delivering to its designated agent, **Samantha Guerra**, at the address of **211 East 7th Street, Ste. 620, Austin, TX 78701, Travis County,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_ , County of _Travis_

Subscribed and Sworn to before me, on the _08_
day of _July_ , _2021_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**Stealth Process**
**3733 Mossbrook Dr.**
**Fort Worth, TX 76244**
**(817) 707-0649**

Our Job Serial Number: SNN-2021001288
Ref: Kroger Texas LP

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

# EXHIBIT 5

**Exhibit 5**

CAUSE NO. CC-21-02701-E

| | | |
|---|---|---|
| BEAU HEARN | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Kroger Texas, L.P. ("Defendant" or "Kroger"), files this Original Answer, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, material allegations contained in Plaintiff's Original Petition and any amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

### II.
### DEFENSES

2.     Defendant specifically denies Plaintiff's allegations that it and/or its employees were negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's damages, if any.

3.     Defendant claims it had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

4.      Defendant claims that the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5.      Defendant asserts that it owed Plaintiff no duty to warn, train, supervise, or provide additional instrumentalities because the task he was performing at the time of the alleged Incident did not require special training or tools and the risks associated with the task were commonly known and/or appreciated by Plaintiff.

6.      Defendant contends that it is not liable to Plaintiff because he was doing the same character of work that he had always done and that other similarly situated employees in other stores were required to do, and the work involved was not unusual.

7.      Defendant claims Plaintiff failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, and that such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages, if any.

8.      Defendant claims that Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, proximate, intervening, or supervening cause of Plaintiff's damages or injuries, if any.

9.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

10.    Defendant claims that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

11.    Defendant claims that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

12.    Defendant claims that Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

13.    Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

14.    Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

16.     In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

17.     Defendant further specifically asserts it is entitled to a credit and/or offset against any judgment that may be rendered against it for any and all amounts Kroger paid to or on behalf of Plaintiff under any of Kroger's benefit/insurance programs, including but not limited to the Kroger Texas Occupational Injury or Disease Benefits Plan.

**III.**
**COURT REPORTER**

18.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**IV.**
**DEMAND FOR JURY TRIAL**

19.     Defendant hereby demands a trial by jury on all issues herein and tenders the appropriate jury fee with this Original Answer.

**V.**
**PRAYER**

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for all other and further relief, both general and special, at law or in equity to which Defendant may show itself to be justly entitled.

Respectfully submitted,

_/s/ B. Kyle Briscoe_

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 13, 2021.

_/s/ B. Kyle Briscoe_

**B. Kyle Briscoe**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 55288162
Status as of 7/13/2021 1:59 PM CST

Associated Case Party: BEAU HEARN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Austin Hartley | | Austin@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Austin Hartley | | Austin@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Sara Dunivan | | Sara@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Hope Border | | Hope@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Hope Border | | Hope@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Sara Dunivan | | Sara@hartleylawtx.com | 7/13/2021 10:50:27 AM | SENT |
| Tom Carse | | Service@carselaw.com | 7/13/2021 10:50:27 AM | SENT |
| Tom Carse | | Service@carselaw.com | 7/13/2021 10:50:27 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/13/2021 10:50:27 AM | SENT |
| Seth R.Lightfoot | | slightfoot@peavlerbriscoe.com | 7/13/2021 10:50:27 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/13/2021 10:50:27 AM | SENT |
| Erika Pina | | epina@peavlerbriscoe.com | 7/13/2021 10:50:27 AM | SENT |