# EXHIBIT A

**Exhibit A**

App. 001

7/2/2021 10:01 /
JOHN F. WARRI
COUNTY CLEI
DALLAS COUN'

CAUSE NO. CC-21-02701-E

| | | |
|---|---|---|
| **BEAU HEARN** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **KROGER TEXAS L.P.** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beau Hearn, Plaintiff, complaining of Defendant, Kroger Texas, L.P. and for causes of action would respectfully show unto the Court as follows:

### I.    DISCOVERY LEVEL

Pursuant to the Texas Rules of Civil Procedure, Plaintiff designates this as a Level 2 discovery action.

### II.    PARTIES

Plaintiff is a resident of Dallas County, Texas.

Defendant, Kroger Texas, L.P. is a foreign limited partnership that is registered with the Secretary of State of Texas to transact business in Texas, and is doing business as Kroger. Kroger Texas L.P.'s principal office is located at 1014 Vine Street Cincinnati, Ohio 45202. Defendant may be served citation through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

Pursuant to § 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County.

### IV.   MISNOMER/ALTER EGO

In the event that any parties are misnamed or are not included herein, Plaintiff contends that such error or omission was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### V.   FACTUAL ALLEGATIONS

Plaintiff was employed as a gas station attendant for Defendant Kroger Texas, L.P. ("Kroger"). At the time of the occurrence complained of herein and at all times material thereto, Defendant Kroger was eligible to become a subscriber to the Texas Worker's Compensation Act, but, chose not to participate and was not a subscriber at the time Plaintiff sustained the injuries made the subject of this litigation.  As a nonsubscriber, Defendant is denied any and all defenses at common law with regard to Plaintiff's causes of action.   Defendant is expressly forbidden from utilizing the defenses of either assumption of risk, contributory negligence and the fellow employee doctrine pursuant to applicable state statute. Defendant controlled every aspect of Plaintiff's employment including Plaintiff's work schedule, training, the equipment provided for Plaintiff's use and supervised the work Plaintiff performed. Plaintiff's injuries are compensable injuries which Plaintiff contends he would not have sustained absent Defendant's negligence. The equipment Defendant provided for Plaintiff's use when he was injured was a defective stool. Plaintiff was required to use Defendant's defective stool or stand for his entire shift. The defective stool was the only piece of equipment provided by Defendant for Plaintiff to sit on. On information and belief, Defendant had been placed on notice of the defective

**PLAINTIFF'S ORIGINAL PETITION**                                      Page **2** of **5**

stool prior to Plaintiff's injury but failed to replace or fix the stool. When sitting on the stool during his shift, the stool collapsed and crumpled causing Plaintiff to fall to ground. Plaintiff sustained a fractured thumb. Plaintiff now sues for recovery of monetary damages in an amount within the jurisdiction of the Court.

## VI. CAUSE OF ACTION: EMPLOYER NEGLIGENCE

Defendant, as an employer, has certain absolute, non-delegable, and continuous duties to Plaintiff, its employee. Specifically, Defendant is required:

a. to provide a reasonably safe place to work;

b. to properly instruct, supervise and train their supervisory employees how to instruct, train and supervise Plaintiff on how to perform her assigned duties in a reasonably safe manner.

c. to supply reasonably safe and or suitable equipment.

d. to establish reasonable safety rules and regulations

Defendant breached these duties by failing to exercise ordinary care, caution and diligence in the operation, maintenance and management of the equipment they provided for Plaintiff's use. Defendant also breached these duties by failing to warn Plaintiff of the dangers of sitting on a defective stool when defendant knew or should have known of the potential for such injuries; failing to properly train Plaintiff on how to safely perform his required tasks under the circumstances and thereby avoid and/or prevent such injuries; and/or failing to establish reasonable safety rules and regulations for performing such tasks under such conditions.

## VII.    DAMAGES

Plaintiff sustained a fractured thumb. Plaintiff would show that as a direct result of the negligent acts and/or omissions to act as set forth above, Plaintiff sought

**PLAINTIFF'S ORIGINAL PETITION**                                      Page **3** of **5**

reasonable and necessary medical treatment in the past, and will, in all probability continue to require additional care into the foreseeable future, for which Plaintiff seeks monetary damages in an amount within the jurisdiction of the court. Plaintiff suffered past physical pain, suffering, mental anguish and will, in all reasonable probability, continue to suffer same for the remainder of his natural life, for which Plaintiff now sues seeking recovery of monetary damages in the amount within the jurisdiction of this Court. Further, Plaintiff suffered impairment and disfigurement in the past and in all reasonable probability will continue to suffer impairment and disfigurement in the future. Finally, Plaintiff sustained lost wages and lost earning capacity both in the past and in the future.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred and fifty thousand dollars ($250,000). Plaintiff reserves the right to amend these amounts.

### VIII. U. S. LIFE TABLES

Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

### IX.  JURY DEMAND

Plaintiff respectfully requests a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear herein, and upon final trial, the jury award the following:

1. A money judgment for actual and special damages in an amount to be determined by a jury;

**PLAINTIFF'S ORIGINAL PETITION**                         Page **4** of **5**

2. Judgment for pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Judgment for all costs of Court;

4. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**HARTLEY LAW FIRM**

/s/ Austin F. Hartley

Austin F. Hartley
State Bar No. 24087676
Email: austin@hartleylaw.com
2340 E. Trinity Mills Rd., Ste. 100
Carrollton, Texas 75006
Telephone: (469) 289-6063
Facsimile: (972) 692-7122

*AND*

**CARSE LAW FIRM**

/s/ Tom Carse
Tom Carse
State Bar No. 00796310
Email: service@carselaw.com
6220 Campbell Road, Ste. 401
Dallas, Texas, 75248
Telephone: (972) 503-6338
Facsimile:  (972) 503-6348
**ATTORNEYS FOR PLAINTIFF
BEAU HEARN**

App. 006

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sara Dunivan on behalf of Austin Hartley
Bar No. 24087676
sara@hartleylawtx.com
Envelope ID: 55055287
Status as of 7/6/2021 9:53 AM CST

Associated Case Party: BEAU HEARN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hope Border | | Hope@hartleylawtx.com | 7/6/2021 9:42:10 AM | SENT |
| Sara Dunivan | | Sara@hartleylawtx.com | 7/6/2021 9:42:10 AM | SENT |
| Austin Hartley | | Austin@hartleylawtx.com | 7/6/2021 9:42:10 AM | SENT |
| Tom Carse | | Service@carselaw.com | 7/6/2021 9:42:10 AM | SENT |

# EXHIBIT B

Exhibit B

App. 008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.3:21-cv-01648 |
| | § | |
| KROGER TEXAS, L.P. | § | |
| | § | |
| Defendant. | § | |

_____

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS**
_____

TO:    Defendant Kroger Texas, L.P., by and through its attorney of record, Kyle Briscoe, Peavler Briscoe, 2215 Westgate Plaza, Grapevine, Texas 76051.

        COMES NOW, Beau Hearn, Plaintiff herein, and serves upon you his Responses to Defendant's First Request for Admission pursuant to the Federal Rules of Civil Procedure.


                    Respectfully submitted,

                    **HARTLEY LAW FIRM**

                    /s/ Austin F. Hartley

                    Austin F. Hartley
                    State Bar No. 24087676
                    Email: austin@hartleylaw.com
                    2340 E. Trinity Mills Rd., Ste. 100
                    Carrollton, Texas 75006
                    Telephone: (469) 289-6063
                    Facsimile: (972) 692-7122

                    *AND*


Plaintiff's Responses to Defendant's First Request for Admissions        Page **1** of **8**

**App. 009**

**CARSE LAW FIRM**

/s/ Tom Carse
Tom Carse
State Bar No. 00796310
Email: service@carselaw.com
6220 Campbell Road, Ste. 401
Dallas, Texas, 75248
Telephone: (972) 503-6338
Facsimile:  (972) 503-6348
**ATTORNEYS FOR PLAINTIFF
BEAU HEARN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on October 1, 2021.

/s/ Austin F. Hartley
Austin F. Hartley

## REQUESTS

**REQUEST FOR ADMISSION NO. 1:** Admit you are aware of no eyewitnesses to the Incident in Question.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that You are aware of no eyewitnesses who saw the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that You have *no personal knowledge* the *specific amount of time* that the Stool was Defective before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that You are aware of no Photographs of the Stool that were taken *before* the Incident in Question.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that You are aware of no Photographs of the Stool that were taken immediately *after* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 6:** Admit that You do not know what caused the Stool to become Defective.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 7:** Admit that You have *no personal knowledge* whether the Stool was Defective for more than 10 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 8:** Admit that You have *no personal knowledge* whether the Stool was Defective for more than 20 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 9:** Admit that You have *no personal knowledge* whether the Stool was Defective for more than 30 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 10:** Admit that You are aware of no witnesses who have *personal knowledge* whether the Stool was Defective for more than 10 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that You are aware of no witnesses who have *personal knowledge* whether the Stool was Defective for more than 20 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 12:** Admit that You are aware of no witnesses who have *personal knowledge* whether the Stool was Defective for more than 30 minutes before the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that You are not aware of any statements by any Kroger employee (whether made before or after the Incident in Question) that he or she was aware that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 14:** Admit that You have *no personal knowledge* how much time elapsed between the time a Kroger employee last inspected the Stool and the time that the Incident in Question occurred.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 15:** Admit that You have *no personal knowledge* how much time elapsed between the time a Kroger employee last inspected the Stool and the time that the Stool became Defective.

**RESPONSE:** Plaintiff objects to this request as it assumes facts in evidence, namely that the stool was ever inspected by any Kroger employee. Subject thereto, admit.

**REQUEST FOR ADMISSION NO. 16:** Admit that no Kroger employee caused the Stool to become Defective.

**RESPONSE:** Plaintiff lacks sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 17:** Admit You have no evidence that a Kroger employee caused the Stool to become Defective.

Plaintiff's Responses to Defendant's First Request for Admissions     Page **4** of **8**

**App. 012**

**RESPONSE:** Discovery is ongoing, Plaintiff will supplement.

**REQUEST FOR ADMISSION NO. 18:** Admit that You were aware the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 19:** Admit that You never informed Store management that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 20:** Admit that You never informed Store personnel that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 21:** Admit that You are not aware of any person who informed Store management that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 22:** Admit that You are not aware of any person who informed Store personnel that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 23:** Admit that You never informed Store management that the Stool could not support Your weight *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request as it assumes facts not in evidence, namely that the stool could not support Plaintiff's weight suggesting that this was the cause of Plaintiff's injury. Admissions are intended to resolve undisputed facts, not eliminate or prove claims, causes of action or defenses.

**REQUEST FOR ADMISSION NO. 24:** Admit that You never informed Store personnel that the Stool could not support Your weight *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request as it assumes facts not in evidence, namely that the stool could not support Plaintiff's weight suggesting that this was the cause of Plaintiff's injury. Admissions are intended to resolve undisputed facts, not eliminate or prove claims, causes of action or defenses.

**REQUEST FOR ADMISSION NO. 25:** Admit that You never informed Store management that You believed the Stool could not support Your weight *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request as it assumes facts not in evidence, namely that the stool could not support Plaintiff's weight suggesting that this was the cause of Plaintiff's injury. Admissions are intended to resolve undisputed facts, not eliminate or prove claims, causes of action or defenses.

**REQUEST FOR ADMISSION NO. 26:** Admit that You never informed Store personnel that You believed the Stool could not support Your weight *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request as it assumes facts not in evidence, namely that the stool could not support Plaintiff's weight suggesting that this was the cause of Plaintiff's injury. Admissions are intended to resolve undisputed facts, not eliminate or prove claims, causes of action or defenses

**REQUEST FOR ADMISSION NO. 27:** Admit that Kroger had no *actual* knowledge that the Stool was Defective *before* the Incident in Question.

**RESPONSE:**  Deny.

**REQUEST FOR ADMISSION NO. 28:** Admit that You have no *evidence* that Kroger had *actual* knowledge that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 29:** Admit that Kroger had no *constructive* knowledge that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request in as much as it calls for a legal conclusion. Subject therefore, deny.

**REQUEST FOR ADMISSION NO. 30:** Admit that You have no *evidence* that Kroger had *constructive* knowledge that the Stool was Defective *before* the Incident in Question.

**RESPONSE:** Plaintiff objects to this request in as much as it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 31:** Admit that You sustained personal injuries to Your right thumb prior to and unrelated to the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 32:** Admit that You sustained personal injuries to Your right thumb subsequent to and unrelated to the Incident in Question.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 33:** Admit You are not eligible for Medicare benefits.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 34:** Admit You are not eligible for Medicaid benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 35:** Admit You have not received Medicare benefits for the injuries You sustained related to the Incident.

**RESPONSE:** Deny. Medicare paid for the emergency room visit.

**REQUEST FOR ADMISSION NO. 36:** Admit You have not received Medicaid benefits for the injuries You sustained related to the Incident.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 37:** Admit You have not applied for Social Security Disability benefits.

**RESPONSE:** Deny. However, Plaintiff is not on SSDI related to this thumb or this incident.

**REQUEST FOR ADMISSION NO. 38:** Admit You are not currently receiving Social Security Disability benefits.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 39:** Admit You have not been denied Social Security Disability benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 40:** Admit You have not appealed a denial of Social Security Disability benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 41:** Admit Medicare has made no conditional payment for any medical expenses or prescriptions related to injuries You sustained as a result of the Incident.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR ADMISSION NO. 42:** Admit Medicaid has made no conditional payment for any medical expenses or prescriptions related to injuries You sustained as a result of the Incident.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 43:** Admit You are not, nor have You ever been, a Medicare beneficiary.

**RESPONSE:** Deny..

**REQUEST FOR ADMISSION NO. 44:** Admit You are not, nor have You ever been, a Medicaid beneficiary.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 45:** Admit You do not expect to become eligible for Medicare benefits within the next 30 months.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 46:** Admit You do not expect to become eligible for Medicaid benefits within the next 30 months.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 47:** Admit no liens, including liens for medical treatment by hospitals, physicians, medical providers, insurance carriers, or third-party payors of any kind, have been filed for the treatment of injuries, if any, sustained as a result of the Incident.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 48:** Admit You have filed for bankruptcy within the last three (3) years.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 49:** Admit You have been involved in bankruptcy proceedings within the last three (3) years.

**RESPONSE:** Admit.

# EXHIBIT C

Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BEAU HEARN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:21-cv-01648** |
| | § | |
| **KROGER TEXAS LP,** | § | |
| | § | |
| **Defendant.** | § | |

---

**PLAINTIFF'S RULE 26 INITIAL DISCLOSURES**

---

      Pursuant to the Federal Rule of Civil Procedure 26 (a) (1), Plaintiff Beau Hearn, by and through his attorneys of record, provides the following initial disclosures:

**A. The name, and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

   1. **Beau Hearn**
      c/o Austin F. Hartley
      Hartley Law Firm
      2340 East Trinity Mills Road, Ste. 100
      Carrollton, Texas 75006
      austin@hartleylawtx.com
      P: (469) 289-6063
      F: (972) 692-7122

      c/o Thomas Carse
      Carse Law Firm
      6220 Campbell Rd., Ste. 401
      Dallas, Texas 75248
      service@carselaw.com
      P: (972) 503-6338
      F: (972) 503-6348
      Plaintiff

      **Kroger Texas, L.P., including all agents, representatives, employees, and agents**
      c/o Kyle Briscoe

**App. 018**

Peavler Briscoe
2215 Westgate Plaza
Grapevine, Texas 76051
P: (214) 999-0550
Defendant

2. **Methodist Richardson Medical Center** and any and all agents, representatives, and/or employees, and custodian of records:
2831 E. President George Bush Hwy.
Richardson, Texas 75082
P: (972) 498-4500
Provided medical treatment to Plaintiff

3. **PrimaCare Richardson** and any and all agents, representatives, and/or employees, and custodian of records:
1810 N. Plano Rd.
Richardson, Texas 75081
P: (972) 664-9888
Provided medical treatment to Plaintiff

4. **OrthoTexas Orthopedics & Sports Medicine** and any and all agents, representatives, and/or employees, and custodian of records:
4780 N. Josey Lane
Carrollton, Texas 75010
P: (972) 395-220
Provided medical treatment to Plaintiff

5. **Baylor Scott and White Institute for Rehabilitation** and any and all agents, representatives, and/or employees, and custodian of records:
2990 Legacy Dr,
Frisco, TX 75034
P: (469) 888-5100
Provided medical treatment to Plaintiff

6. **All Star Orthopedics** and any and all agents, representatives, and/or employees, and custodian of records:
400 W LBJ Fwy, Suite 330
Irving, TX 75063
P: (972) 556-2885
Provided medical treatment to Plaintiff

7. **Terry Taylor**
Will supplement with contact information
Store manager at time of incident, possesses relevant knowledge as to the stool.

8. **Taylor Wade**
Will supplement with contact information

Manager at time of incident Manager at time of incident, possesses relevant knowledge as to stool.

9. **Pam Compton**
   c/o Kyle Briscoe
   Peavler Briscoe
   2215 Westgate Plaza
   Grapevine, Texas 76051
   P: (214) 999-0550
   Fuel lead at subject store, knowledgeable about subject stool.

10. **Scoey Cash**
    c/o Kyle Briscoe
    Peavler Briscoe
    2215 Westgate Plaza
    Grapevine, Texas 76051
    P: (214) 999-0550
    Manager at the time of the incident, possesses relevant knowledge about the stool.

11. **Carl Trotman**
    c/o Kyle Briscoe
    Peavler Briscoe
    2215 Westgate Plaza
    Grapevine, Texas 76051
    P: (214) 999-0550
    Plaintiff's co-worker, knowledgeable about the stool.

12. **Chand Shaikh**
    c/o Kyle Briscoe
    Peavler Briscoe
    2215 Westgate Plaza
    Grapevine, Texas 76051
    P: (214) 999-0550
    Plaintiff's co-worker, knowledgeable about the stool.

*Plaintiff further designates any individual designated or identified by Defendant as a potential or individual with knowledge of facts relevant to the instant case. Plaintiff reserves the right to supplement his potential witnesses as the issues in this cases are more fully disclosed during discovery.*

**B. A copy or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless solely for impeachment:**

Plaintiff designates the following exhibits:

1. Methodist Richardson Medical Center – Billing records – Counsel's office
2. Methodist Richardson Medical Center – Medical records – Counsel's office
3. Prima Care – Billing records – Counsel's office
4. Prima Care – Medical records – Counsel's office
5. OrthoTexas Orthopedics & Sports Medicine – Billing records – Counsel's office
6. OrthoTexas Orthopedics & Sports Medicine – Medical records – Counsel's office
7. Baylor Scott & White Institute of Rehabilitation – Billing Records – Counsel's office
8. Baylor Scott & White Institute of Rehabilitation – Medical Records – Counsel's office
9. Allstar Orthopedics – Medical records – Counsel's office
10. Allstar Orthopedics – Billing records – Counsel's office
11. Photographs of subject stool – Counsel's office
12. Demonstrative photograph of undamaged stool –– Counsel's office
13. Incident report - – Counsel's office
14. Worker's compensation documents – Counsel's office
15. Photographs of Plaintiff's injuries – Counsel's office

Plaintiff cannot designate all documents that may be produced in the future by witnesses in response to subpoenas and depositions on written questions. Further, Plaintiff reserves the right to introduce any exhibits listed by Defendant and reserves the right to supplement this pleading with additional documents as discovered. Plaintiff further reserves the right to designate any documents that may be produced by Defendant in the course of discovery.

**C. A computation of any category of damages as claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Past medical bills:            $3,217.16

Future medical bills:          Plaintiff will supplement once a future cost estimate for the recommended surgery is received. Plaintiff will supplement his document production with said future cost estimate.

Past emotional distress:       Discovery is ongoing. Plaintiffs will supplement accordingly.

Past pain and suffering:       Discovery is ongoing. Plaintiffs will supplement accordingly.

Future emotional distress:     Discovery is ongoing. Plaintiffs will supplement accordingly.

Future pain and suffering:     Discovery is ongoing. Plaintiffs will supplement accordingly.

**App. 021**

Past Lost earning capacity:   Discovery is ongoing. Plaintiffs will supplement accordingly.

Future Lost earning capacity: Discovery is ongoing. Plaintiffs will supplement accordingly.

**D. For inspection and copying under Rule 34, any insurance agreement insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

**HARTLEY LAW FIRM**

*/s/*Austin Hartley_____
**Austin Hartley**
Texas Bar No. 24087676
2340 E. Trinity Mills Rd., Ste. 100
Carrollton, Texas 75006
Telephone (469) 289-6063
Facsimile   (972) 692-7122
Email: Austin@hartleylawtx.com

*AND*

**CARSE LAW FIRM**

*/s/* Tom Carse w/ permission_____
**Tom Carse**
Texas Bar No. 00796310
6220 Campbell Rd., Suite 401
Dallas, Texas 75248
Telephone  (972) 503-6338
Facsimile   (972) 503-6348
Email: service@carselaw.com
**ATTORNEYS FOR PLAINTIFF**
**BEAU HEARN**

**App. 022**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on August 24, 2021.

<div align="right">

/s/ Austin F. Hartley
_____
Austin F. Hartley

</div>

**App. 023**

# EXHIBIT D

Exhibit D

App. 024

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:21-cv-01648 |
| | § | |
| KROGER TEXAS, L.P. | § | |
| Defendant. | § | |

## PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE RULE 34 INSPECTION REQUEST

TO:   Defendant Kroger Texas, L.P., by and through its attorney of record, Kyle Briscoe, Peavler Briscoe, 2215 Westgate Plaza, Grapevine, Texas 76051.

COMES NOW, Beau Hearn, Plaintiff herein, and serves upon you his request for inspection of real property pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Specifically, Plaintiff hereby requests entry onto Defendant's real property. Plaintiff requests entry onto Defendant's Store number 526, including the gas station kiosk, for the purpose of inspecting, photographing, video taping and measuring the following areas of the store/property:

(1)   The fuel station kiosk where Plaintiff alleges he was injured;
(2)   Any areas where stools provided in the fuel station kiosk are stored when not used;
(3)   Any room(s) containing electronic surveillance or video camera recording equipment/devices;
(4)   All fuel pumps at the gas station service area; and
(5)   All surveillance cameras in the gas station at store number 526.

Your response is requested in writing within thirty (30) days of this Request. Plaintiff proposes that the inspection take place October 4th, 2021 at 2:00 PM and will be conducted by Plaintiff's counsel.

**HARTLEY LAW FIRM**

*/s/*Austin Hartley
**Austin Hartley**
Texas Bar No. 24087676
2340 E. Trinity Mills Rd., Ste. 100
Carrollton, Texas 75006
Telephone (469) 289-6063

**App. 025**

Facsimile   (972) 692-7122
Email: Austin@hartleylawtx.com

*AND*

**CARSE LAW FIRM**

*/s/* Tom Carse w/ permission
**Tom Carse**
Texas Bar No. 00796310
6220 Campbell Rd., Suite 401
Dallas, Texas 75248
Telephone  (972) 503-6338
Facsimile   (972) 503-6348
Email: service@carselaw.com
**ATTORNEYS FOR PLAINTIFF**
**BEAU HEARN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on August 31, 2021.

 /s/ Austin F. Hartley
Austin F. Hartley

**App. 026**

# EXHIBIT E

Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:21-cv-01648 |
| | § | |
| KROGER TEXAS, L.P. | § | JURY DEMANDED |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FEDERAL RULE OF CIVIL PROCEDURE RULE 34 INSPECTION REQUEST

TO:   Plaintiff, Beau Hearn, by and through his attorneys of record, Austin F. Hartley, Hartley Law Firm, 2340 E. Trinity Mills Rd., Ste 100, Carrollton, TX 75006 and Tom Carse, Carse Law Firm, 6220 Campbell Rd. Ste 401, Dallas, TX 75248.

Defendant makes and serves these Objections and Responses to Plaintiff's Federal Rules of Civil Procedure Rule 34 Inspection Request (Plaintiff's "Request for Site Inspection").

Defendant will make (1) the fuel center kiosk and (2) any areas where stools provided in the fuel center kiosk are stored when not used, available for inspection at a mutually agreeable date and time. Plaintiff has suggested October 4, 2021. Defendant is not available on that date. Defendant proposes the store visit to occur on October 5, 2021, beginning any time between 11:00 AM and 2:00 PM, or at another mutually agreeable date and time.

Defendant specifically responds to the items identified in Plaintiff's Request for Site Inspection as follows:

(1)      **The fuel station kiosk where Plaintiff alleges he was injured.**

**RESPONSE:**     Defendant will make such area available for inspection at a mutually agreeable date and time.

**App. 028**

(2)    **Any areas where stools provided in the fuel station kiosk are stored when not used.**

**RESPONSE:**    Defendant will make such area(s) available for inspection at a mutually agreeable date and time.

(3)    **Any room(s) containing electronic surveillance or video camera recording equipment/devices.**

**RESPONSE:**    Defendant objects to this request on the grounds that it seeks information and access that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. For example, Plaintiff's counsel notified counsel for Defendant that Plaintiff intended to "inspect the make and model of the equipment and determine which cameras are dummies versus actively monitored." Such information is not probative of any issue in this matter. Defendant further objects on the grounds that the request is overly broad, unduly burdensome, and disproportional to the needs of the case. Specifically, access to information identifying the location and positioning of the store's video cameras jeopardizes the security of the store, its employees, and its guests. Finally, Defendant objects to this request on the grounds that it seeks confidential information that is proprietary in nature. Defendant will ***not*** make its surveillance system available for inspection and, to the extent necessary, requests an order of protection from the Court regarding same.

(4)    **All fuel pumps at the gas station service area.**

**RESPONSE:**    Defendant objects to this request on the grounds that it seeks information and access that are not relevant and not reasonably calculated to lead to the discovery of admissible for example, the incident occurred inside the fuel center kiosk. Information about the

fuel pumps is not probative of any issue in this matter. Defendant will ***not*** make its fuel pumps available for inspection and, to the extent necessary, requests an order of protection from the Court regarding same.

**(5)    All surveillance cameras in the gas station at store number 526.**

**RESPONSE:**    Defendant objects to this request on the grounds that it seeks information and access that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. For example, Plaintiff's counsel notified counsel for Defendant that Plaintiff intended to "inspect the make and model of the equipment and determine which cameras are dummies versus actively monitored." Such information is not probative of any issue in this matter. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited in scope. In particular, the request is not limited to the surveillance cameras inside the fuel center kiosk which did or could have captured the incident at issue. Defendant further objects on the grounds that the request is disproportional to the needs of the case. Specifically, access to information identifying the location and positioning of the store's video cameras jeopardizes the security of the store, its employees, and its guests. Finally, Defendant objects to this request on the grounds that it seeks confidential information that is proprietary in nature. Defendant will ***not*** make its surveillance cameras available for inspection and, to the extent necessary, requests an order of protection from the Court regarding same.

Respectfully submitted,

_/s/ Michael W. Stumbaugh_

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on September 17, 2021.

_/s/ Michael W. Stumbaugh_

Michael W. Stumbaugh

# EXHIBIT F

**Exhibit F**

**App. 032**

## Mike Stumbaugh

| | |
|---|---|
| **From:** | Tom Carse <tom@carselaw.com> |
| **Sent:** | Wednesday, September 1, 2021 1:41 PM |
| **To:** | Mike Stumbaugh |
| **Cc:** | Austin@hartleylawtx.com; Erika Pina; Kyle Briscoe; service@carselaw.com |
| **Subject:** | Re: Beau Hearn v. Kroger |

Mike and Austin

Let's get the motion and opposition to it on file and let our judge decide the surveillance equipment inspection unless a protective order will suffice

We want to inspect the make and model of the equipment and determine which cameras are dummies versus actively monitored.

As a side note I wish the defendant shared Mike's sentiment for the safety of its employees.

On Wed, Sep 1, 2021 at 11:34 AM Mike Stumbaugh <mstumbaugh@peavlerbriscoe.com> wrote:

> Austin,
>
> I am in receipt of Plaintiff's request for a site inspection. I am scheduled to be out of the office October 1 - 4, 2021, so the 4th does not work for me. How does the 5th look, instead? For scheduling purposes, how long do you think the inspection will last? Why do you need to inspect the fuel pumps, since the incident occurred inside the fuel center? Also, please let me know what you mean in item number 5, when you want to inspect the surveillance cameras at the fuel center (are you just wanting to see where the cameras are located or do you envision a more invasive inspection)?
>
> Plaintiff's request for inspection includes inspecting "any room(s) containing electronic surveillance or video camera recording equipment/devices." Kroger takes the position that access to information identifying the location and positioning of the store's video cameras jeopardizes the security of the store, its employees, and its guests. Additionally, the request isn't limited to the area where the incident occurred. I cannot allow the inspection to include the surveillance system without a court order. If you are willing to remove item number 3 (and, possibly, number 5) from the request for inspection, I can arrange to provide you with photographs of the monitor depicting a view from each camera inside the fuel center, upon the execution of a mutually agreeable confidentiality/protective order. Please let me know if this is sufficient.
>
> Thanks,
>
> Mike

**App. 033**

Michael W. Stumbaugh

Attorney

**PEAVLER|BRISCOE**

2215 Westgate Plaza

Grapevine, Texas 76051

817.203.8232 Main (Tarrant County)

214.999.0550 Main (Dallas County)

214.999.0551 Fax

*mstumbaugh@peavlerbriscoe.com*

*www.peavlerbriscoe.com*

**CONFIDENTIALITY NOTICE:** The information contained in this email message may be confidential and/or legally privileged. This email message is intended to be reviewed by only the individual(s) recipient(s) named herein. If the reader of this email message is not the intended recipient, such reader is hereby notified that any review, dissemination, or copying of this email message or the information contained herein is prohibited. The transmittal and/or subsequent dissemination of this email message shall not be deemed to waive any attorney-client privilege which may exist with the intended recipient(s). If the reader of this email message has received it in error, the reader should immediately notify the sender by email or by telephone, delete from their system the original email message and return this email message to the sender.

--

Tom Carse
Carse Law Firm
6220 Campbell Road, Ste. 401

Dallas, Texas 75248
Ofc. 972-503-6338
Cell 214-695-6702

# EXHIBIT G

Exhibit G

**Mike Stumbaugh**

| | |
|---|---|
| **From:** | Austin Hartley <austin@hartleylawtx.com> |
| **Sent:** | Thursday, September 9, 2021 2:43 PM |
| **To:** | Mike Stumbaugh |
| **Cc:** | service@carselaw.com; Kyle Briscoe; Erika Pina; tom |
| **Subject:** | RE: Beau Hearn v. Kroger |

We will address the spoliation issue once the inspection is complete. We will mark you opposed to the motion.

Sincerely,

**Austin F. Hartley**
*Attorney*



**2340 East Trinity Mills Road | Suite 100**
**Carrollton, Texas 75006**
**Phone:** (469) 289-6063 | **Fax:** (972) 692-7122
**www.hartleylawtx.com**

---

---- On Thu, 09 Sep 2021 14:18:38 -0500 **Mike Stumbaugh <mstumbaugh@peavlerbriscoe.com>** wrote ----

Austin,

I have no objections to a site inspection.  My problem is with its scope.

There are camera domes throughout the inside and outside of the store. Some of those domes have cameras.  Some do not.  Just the perception from the public that a dome has an active camera in it provides a level of security. An inspection of the cameras and the camera system would provide much more information than Plaintiff needs or is entitled to.

You have already said you want to see what the cameras could see and what anyone monitoring the security system could have seen. Photos from the monitor as it shows the different camera angles in the fuel center will answer every question you may have about what the cameras in the fuel center could and could not see.  The incident was almost certainly captured on video – maybe even on more than one camera. You will absolutely be able to determine that from the photographs I can send you.  When you take the deposition of Kroger's corporate representative, I expect that the testimony will establish to your satisfaction that the cameras are not actively monitored.  In fact, the "monitor" is a computer screen.  Most times, the screen/computer is being used as a computer, not as a security monitor.  I expect you will also hear testimony that Kroger only keeps its video for 30 days. The video of the incident was recorded over a month after it happened.  Kroger did not anticipate litigation at that time, because Plaintiff's incident was an accepted/undisputed employee-injury and Mr. Hearn began treating under the Kroger Texas Occupational Injury or Disease Benefits Plan.

In any event, if the photographs I have offered are not sufficient for you, then we are at an impasse and Kroger is opposed to a motion to compel.

**App. 037**

Thanks,

Mike

Michael W. Stumbaugh
Attorney

**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
817.203.8232 Main (Tarrant County)
214.999.0550 Main (Dallas County)
214.999.0551 Fax
mstumbaugh@peavlerbriscoe.com
www.peavlerbriscoe.com



**CONFIDENTIALITY NOTICE:** The information contained in this email message may be confidential and/or legally privileged. This email message is intended to be reviewed by only the individual(s) recipient(s) named herein.  If the reader of this email message is not the intended recipient, such reader is hereby notified that any review, dissemination, or copying of this email message or the information contained herein is prohibited.  The transmittal and/or subsequent dissemination of this email message shall not be deemed to waive any attorney-client privilege which may exist with the intended recipient(s).  If the reader of this email message has received it in error, the reader should immediately notify the sender by email or by telephone, delete from their system the original email message and return this email message to the sender.

**From:** Austin Hartley <austin@hartleylawtx.com>
**Sent:** Thursday, September 9, 2021 2:15 PM
**To:** Mike Stumbaugh <mstumbaugh@peavlerbriscoe.com>
**Cc:** service@carselaw.com; Kyle Briscoe <kbriscoe@peavlerbriscoe.com>; Erika Pina <epina@peavlerbriscoe.com>; tom <tom@carselaw.com>
**Subject:** Re: Beau Hearn v. Kroger

Michael,

Please advise whether or not you are opposed to a motion to compel in keeping with my email below.

Sincerely,

**Austin F. Hartley**
*Attorney*



**App. 038**

**2340 East Trinity Mills Road | Suite 100**
**Carrollton, Texas 75006**
**Phone:** (469) 289-6063 | **Fax:** (972) 692-7122
www.hartleylawtx.com

---

---- On Tue, 07 Sep 2021 16:10:37 -0500 **Austin Hartley** <austin@hartleylawtx.com> wrote ----

Michael,

If we are able to come to an agreement on item 3, we will agree to omit inspection of the fuel pumps.

We are not agreeable to photographs and video in lieu of an inspection.

While I appreciate your concern for security, it obvious that Kroger's preservation or failure to preserve video of our client's incident is likely to become an issue in this case. Kroger has asserted there is no video. We are entitled to confirm whether footage of the incident would have been viewable from the security room.  It is hard for me to see a could declining to allow inspection of the security room based on a grocery store's alleged security concerns. Viewing the equipment and what would have been seen by anyone viewing the footage from that room at the time of the incident is obviously relevant.

Before I go to the trouble of filing a motion to compel, I figured I would take one last stab at trying to resolve without court intervention.  Please confirm whether you are agreeable to the above so we can get a date set.

Sincerely,

**Austin F. Hartley**
*Attorney*



**2340 East Trinity Mills Road | Suite 100**
**Carrollton, Texas 75006**
**Phone:** (469) 289-6063 | **Fax:** (972) 692-7122
www.hartleylawtx.com

---

---- On Wed, 01 Sep 2021 13:34:29 -0500 **Mike Stumbaugh** <mstumbaugh@peavlerbriscoe.com> wrote ----

Austin,

I am in receipt of Plaintiff's request for a site inspection. I am scheduled to be out of the office October 1 - 4, 2021, so the 4th does not work for me. How does the

**App. 039**

5th look, instead? For scheduling purposes, how long do you think the inspection will last? Why do you need to inspect the fuel pumps, since the incident occurred inside the fuel center? Also, please let me know what you mean in item number 5, when you want to inspect the surveillance cameras at the fuel center (are you just wanting to see where the cameras are located or do you envision a more invasive inspection)?

Plaintiff's request for inspection includes inspecting "any room(s) containing electronic surveillance or video camera recording equipment/devices." Kroger takes the position that access to information identifying the location and positioning of the store's video cameras jeopardizes the security of the store, its employees, and its guests. Additionally, the request isn't limited to the area where the incident occurred. I cannot allow the inspection to include the surveillance system without a court order. If you are willing to remove item number 3 (and, possibly, number 5) from the request for inspection, I can arrange to provide you with photographs of the monitor depicting a view from each camera inside the fuel center, upon the execution of a mutually agreeable confidentiality/protective order. Please let me know if this is sufficient.

Thanks,

Mike

Michael W. Stumbaugh
Attorney

**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
817.203.8232 Main (Tarrant County)
214.999.0550 Main (Dallas County)
214.999.0551 Fax
mstumbaugh@peavlerbriscoe.com
www.peavlerbriscoe.com



**CONFIDENTIALITY NOTICE:** The information contained in this email message may be confidential and/or legally privileged. This email message is intended to be reviewed by only the individual(s) recipient(s) named herein.  If the reader of this email message is not the intended recipient, such reader is hereby notified that any review, dissemination, or copying of this email message or the information contained herein is prohibited.  The transmittal and/or subsequent dissemination of this email message shall not be deemed to waive any attorney-client privilege which may exist with the intended recipient(s).  If the reader of this email message has received it in error, the reader should

**App. 040**

immediately notify the sender by email or by telephone, delete from their system
the original email message and return this email message to the sender.

**App. 041**