IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-1648-D |
| VS. | § | |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed personal injury action, plaintiff Beau Hearn ("Hearn"), an employee of defendant Kroger Texas, L.P. ("Kroger"), moves to compel Kroger to permit him to inspect certain areas of the store in which he was injured on the job. Kroger opposes the motion in part, maintaining that some of Hearn's requests are irrelevant and would jeopardize the safety and security of Kroger, its guests, and its employees. For the reasons explained below, the court grants the motion in part and denies it in part.

I

This lawsuit arises in connection with a personal injury that Hearn sustained while working as a fuel clerk in the gas station kiosk at Kroger store No. 526. Kroger provided Hearn a stool to sit on during his shifts. On the occasion in question, Hearn fractured his thumb when the stool on which he was seated collapsed and crumbled. Hearn was aware before he was injured that the stool was broken. The parties disagree about whether Kroger was notified that the stool was defective before Hearn was injured.

Hearn brought this lawsuit in state court against Kroger, a nonsubscribing employer, on theories of employer negligence and premises liability. Kroger removed the case to this court based on diversity of citizenship.[1]

Hearn served on Kroger a Fed. R. Civ. P. 34 request for inspection, seeking entry onto Kroger's property to inspect: (1) the fuel station kiosk; (2) any areas where stools provided in the fuel station kiosk are stored when not used; (3) any room(s) containing electronic surveillance or video camera recording equipment/devices; (4) all fuel pumps at the gas station service area; and (5) all surveillance cameras in the gas station at store No. 526. When the parties could not agree concerning Hearn's inspection of each item, Hearn filed the instant Rule 37 motion to compel inspection. Kroger only opposes Hearn's request to inspect rooms containing electronic surveillance or video equipment, the fuel pumps, and all surveillance cameras. Although Hearn indicates in his brief that the parties have reached an agreement concerning Hearn's inspection of the fuel pumps and surveillance cameras—leaving at issue only Hearn's request regarding the rooms containing electronic surveillance or video equipment—the court will address all three categories because it is unclear whether the parties have reached a mutually satisfactory agreement. *See infra* notes 5 and 6.

---

[1]Hearn is a citizen of Texas, and Kroger is a citizen of Ohio because Ohio is both Kroger's place of incorporation and the location of its principal place of business. The amount in controversy exceeds $75,000, exclusive of interest and costs.

II

A

"[A] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Unless the court orders otherwise, parties may obtain discovery:

> regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (internal quotation marks omitted).

B

Rule 34(b)(2)(A)-(C) provides that "[t]he party to whom [a request for production] is directed must respond in writing within 30 days after being served"; "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons"; and "[a]n objection to part of a request must specify the part and permit inspection of the rest."  When the responding party fails to permit entry onto its designated land or other property, a party may move to compel a discovery response.  Rule 37(a)(3)(B)(iii)-(iv).

The party resisting discovery must show specifically how each discovery request is not relevant or is otherwise objectionable.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 595 (N.D. Tex. 2017) (Horan, J.) (party requesting discovery is not required to meet threshold burden of proving that it is asking for documents within the scope permitted by Rule 26(b)(1) before burden shifts to responding party to demonstrate why requested discovery should not be permitted).

C

Under Rule 26(c)(1) the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "'[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th

Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A protective order is warranted when the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n, Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). The court has broad discretion when determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

III

To resolve the motion to compel inspection, the court must decide whether Kroger, as the party resisting discovery, has met its burden of demonstrating that the discovery requests at issue are not relevant or are otherwise objectionable, or whether Kroger has shown good cause for obtaining a protective order.

A

The first issue is whether Hearn should be allowed to inspect any room(s) containing electronic surveillance or video camera recording equipment/devices.

1

Kroger maintains that allowing Hearn to inspect the rooms and equipment would compromise its store security. It posits that "Kroger's security relies on its customers' belief that each dome has a camera and each camera works and is actively recording." That level of security "would disappear if it were learned that the dome was empty." Kroger

-5-

acknowledges that one camera, possibly two, located inside the fuel kiosk where Hearn was working likely captured the incident. But it maintains that it allowed the video recording of the incident to be recorded over after 30 days because it did not anticipate that Hearn would be filing suit.[2] Kroger offered two photographs to Hearn depicting the view from each camera that would have captured the incident. Kroger maintains, in pertinent part, that its proposed discovery response will not compromise Kroger's safety and security and that the reasons for Hearn's request for inspection are not probative in resolving this lawsuit.

Hearn contends that he has established that the inspection of any room(s) containing electronic surveillance or video camera recording equipment/devices is relevant because it is central to the issue of whether there is or should be security footage of the accident. Hearn posits that such an inspection will enable him to

> deduce whether the equipment is dummy equipment and whether that type of equipment has a remote backup or cloud feature . . . whether policies and procedures of Kroger were followed in the wake of [Hearn's] injuries . . . [and] will allow [Hearn] to determine and ultimately find if anyone was assigned to review the footage in real time necessitating a deposition of

---

[2] Kroger's counsel stated in an email response to Hearn's request for inspection:

> I expect you will also hear testimony that Kroger only keeps its video for 30 days. The video of the incident was recorded over a month after it happened. Kroger did not anticipate litigation at that time because [Hearn's] incident was an accepted/undisputed employee-injury and Mr. Hearn began treating under the Kroger Texas Occupational Injury or Disease Benefits Plan.

D. App. at 037.

>   that employee to determine whether they witnessed [Hearn's]
>   incident.

P. Mot. at 3.

2

The court concludes in the specific context of this lawsuit that Hearn should be permitted to test Kroger's assertion that no video recording of the incident exists. If such video does exist, it certainly appears to be relevant. It directly relates to what happened during the incident at the center of this lawsuit, and, considering the kiosk's limited size and the fact that the incident occurred during normal working hours, it is likely to have probative value.

This case is distinguishable from *Reyna v. Kroger Texas LP*, 2014 WL 11460391 (N.D. Tex. Oct. 21, 2014) (Toliver, J.) (order).[3] In *Reyna* Judge Toliver denied a motion to compel, holding that the plaintiff's interrogatory asking the defendant to "describe fully the location of all surveillance cameras which were recording any floor area of the [relevant] Kroger grocery store on [the date of the incident]" was irrelevant. *Id.* at *1 (first brackets in original). In the present case, however, it is much more likely that a surveillance camera recorded Hearn's incident due to his position inside a specific, physically compact fuel station kiosk. Kroger even acknowledges that potentially two cameras, maybe more, captured the incident. Moreover, unlike the plaintiff in *Reyna*, who possessed sworn

---

[3]Even if *Reyna* were not distinguishable, two judges can take different approaches when resolving similar discovery disputes and both act without error, within the exercise of their discretion.

deposition testimony indicating that there was no video of the fall, Hearn only has an email from opposing counsel that indicates what he expects a deposition witness to testify to.

> When you take the deposition of Kroger's corporate representative, I expect that the testimony will establish to your satisfaction that the cameras are not actively monitored. In fact, the "monitor" is a computer screen. Most times, the screen/computer is being used as a computer, not as a security monitor. I expect you will also hear testimony that Kroger only keeps its video for 30 days.

D. App. at 037. Hearn is entitled to discovery that enables him to test Kroger's assertion that no video of the incident exists.

Although Kroger has not demonstrated that Hearn should be precluded in all respects from inspecting any room(s) containing electronic surveillance or video camera recording equipment/devices, Kroger has established good cause to permit such inspections only under the terms of a protective order. Kroger has shown that there is a potential security threat posed if customers learn that particular camera domes do not contain active cameras. The court therefore concludes in its discretion that, although Hearn should be permitted through his counsel and a reasonable number of supporting personnel and experts to inspect all rooms at store No. 526 that contain electronic surveillance or video camera recording equipment/devices, this inspection should be conducted under a protective order that prohibits use of information derived from the inspection for any purpose other than litigating this lawsuit, and prohibits disclosure in any pleading or public court proceeding in this lawsuit, except under seal.

The court directs that, within 14 days of the date this memorandum opinion and order

is filed, the parties submit a proposed protective order consistent with this decision.[4]

B

The second issue is whether Hearn should be allowed to inspect the fuel pumps.[5]

The court concludes that the information Hearn seeks from the inspection of the fuel pumps situated outside the store does not fall within the Rule 26(b)(1) scope of discovery. This is so because there is no possibility that the information Hearn seeks may be relevant to any party's claim or defense. Hearn's injury occurred *inside* a small, compact gas station kiosk. The fuel pumps are situated *outside* of the gas station kiosk. Moreover, Hearn's request to inspect the fuel pumps is not proportional to the needs of the case considering the lack of importance of the discovery in resolving the issues.

C

The third issue is whether Hearn should be allowed to inspect all surveillance cameras in the gas station at store No. 526.[6]

Kroger maintains that Hearn offers no reason why Kroger should place the security

---

[4]The parties are likely in the best position to draft the provisions needed in such an order to allow the inspection permitted and provide the intended protection.

[5]Although Hearn indicates in his brief that the parties have reached an agreement regarding the issue, it remains unclear whether the parties have reached a mutually satisfactory resolution. If the parties have come to an agreement, the court accepts it; otherwise, this decision controls.

[6]Although Hearn indicates in his brief that the parties have reached an agreement regarding the issue, it remains unclear whether the parties have reached a mutually satisfactory resolution. If the parties have come to an agreement, the court accepts it; otherwise, this decision controls.

of its store in jeopardy so that Hearn can determine "which cameras are dummies versus actively monitored." D. Br. at 4. Although Hearn does not address this issue specifically, he posits that determining which cameras are dummies rather than actively monitored is central to the question whether there is or should be video footage of the incident.

Although the court has concluded above that Hearn should be able to test Kroger's assertion that no video of the incident exists, he will be able to determine which cameras are actively monitored through the inspection that the court is permitting in § III(A)(2) of this memorandum opinion and order. The court therefore concludes that Hearn should not be permitted to inspect all surveillance cameras in the gas station at store No. 526, because such an inspection is not proportional to the needs of the case when considering the lack of importance of the discovery in resolving the issues.

IV

Neither party has requested an award of attorney's fees and expenses, and the court has ruled in part in favor of each party. The court therefore declines to award attorney's fees or expenses to either party in connection with Hearn's motion to compel inspection.

\*   \*   \*

Hearn's September 17, 2021 motion to compel inspection is granted in part and denied in part. Within 14 days of the date this memorandum opinion and order is filed, the parties must submit a proposed protective order consistent with this decision. Within 14 days of the date the protective order is filed (unless the parties agree to a different schedule), Kroger must permit Hearn to conduct the inspection permitted by this memorandum opinion and

order.

**SO ORDERED**.

November 10, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE