IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-1648-D |
| VS. | § | |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action based on diversity jurisdiction, defendant moves to strike[1]

plaintiff's affidavits filed under Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b) (West 2015

& Supp. 2020).[2]  Plaintiff has not responded to the motion, and the court now grants it for

---

[1]Defendant also moves in the alternative for an extension of the deadline to submit
controverting affidavits under § 18.001.  Because the court is granting defendant's motion
to strike, it denies the alternative motion to extend the deadline.

[2]Section 18.001(b) provides:

> Unless a controverting affidavit is served as provided by
> this section, an affidavit that the amount a person
> charged for a service was reasonable at the time and
> place that the service was provided and that the service
> was necessary is sufficient evidence to support a finding
> of fact by judge or jury that the amount charged was
> reasonable or that the service was necessary. The
> affidavit is not evidence of and does not support a
> finding of the causation element of the cause of action
> that is the basis for the civil action.

the reasons that follow.[3]

I

Plaintiff Beau Hearn ("Hearn") brought this personal injury suit in state court against defendant Kroger Texas, L.P. ("Kroger"), arising from an incident in which Hearn fractured his thumb while using a stool provided by Kroger as part of his employment duties.  Kroger removed the case to this court based on diversity of citizenship.[4]

Following removal, Hearn filed affidavits from his healthcare providers that purportedly attest to both the reasonableness and necessity of his treatment and medical expenses.  Kroger moves to strike the affidavits on the ground, *inter alia*, that § 18.001(b) conflicts with federal hearsay rules and is purely procedural and therefore does not apply in a federal court that is exercising diversity jurisdiction.  Hearn has not responded to Kroger's motion.[5]

---

[3]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[4]Hearn is a citizen of Texas, and Kroger is a citizen of Ohio because Ohio is both Kroger's place of incorporation and the location of its principal place of business.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

[5]Kroger filed its motion on October 14, 2021.  Hearn's response was due November 4, 2021.  *See* N.D. Tex. Civ. R. 7.1(e).

-2-

II

This court has recently held that § 18.001(b) is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. *See Jones v. QuikTrip Corp.*, 2020 WL 6149967, at *1-2 (N.D. Tex. Oct. 20, 2020) (Fitzwater, J.). Other judges of this district have held similarly. *See, e.g., Sanchez v. Aldi Tex., LLC*, 2021 WL 4441982, at *2 (N.D. Tex. Apr. 28, 2021) (Kinkeade, J.) ("In light of the Texas Supreme Court's holdings that [§ 18.001] is purely procedural and the Fifth Circuit's analysis as to an analogous statute, the Court finds § 18.001 is inapplicable in federal court."); *Newby v. Kroger Co.*, 2020 WL 3963740, at *3 (N.D. Tex. July 11, 2020) (Godbey, J.) ("[T]he Texas Supreme Court's 2018 decision in *Gunn* [*v. McCoy*, 554 S.W.3d 645 (Tex. 2018),] persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302."); *Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (Boyle, J.) (same). On this basis, this court has recently stricken billing affidavits filed under the § 18.001 procedure. *Jones*, 2020 WL 6149967, at *2. The court therefore holds that the procedures of § 18.001 do not apply in this federal action, and it grants Kroger's motion to strike Hearn's medical and billing affidavits.

\*   \*   \*

Accordingly, for the reasons explained, Kroger's October 14, 2021 motion to strike

Hearn's affidavits is granted.

**SO ORDERED**

November 23, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE