IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:21-cv-01648 |
| | § | |
| KROGER TEXAS, L.P. | § | JURY DEMANDED |
|     Defendant. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 *et seq.*, Defendant Kroger Texas L.P. is entitled to summary judgment on Plaintiff's "employer negligence" cause of action because such a claim is barred since Plaintiff alleges he was injured as a result of a condition of the premises and he does not allege that he was injured by some type of concurrent negligent activity by Kroger. Therefore, he is limited solely to a premises-liability claim. Defendant is entitled to summary judgment on Plaintiff's premises-liability cause of action because ***Plaintiff already knew*** for months that ***the stool was broken***, but chose to sit on it anyway, thus, relieving Kroger from the duty to warn of a condition already known to Plaintiff.

**I.**
**MATTERS REQUIRED BY LR 56.3(a)**

As permitted by LR 56.3(b), Defendant states that each of the required matters of LR 56.3(a) is set forth in Defendant's Brief in Support of its Motion for Summary Judgment and Defendant's Appendix in Support of its Motion for Summary Judgment, which are both filed concurrently with this Motion.

## II.
## RELEVANT FACTS

1. On June 15, 2020, while Plaintiff was an employee at the Kroger Store located at 536 Centennial Blvd., Richardson, TX 75081-5147 (the "Store) as a fuel associate in the Store's fuel center kiosk, Plaintiff alleges that he fell when the broken stool Plaintiff was sitting on collapsed while he was eating lunch (the "Incident").

2. At all relevant times, Kroger was a non-subscriber to Worker's Compensation insurance.

3. Plaintiff knew long before the Incident that the stool was broken. Plaintiff had examined the stool and determined that it was missing a support.

4. Indeed, Plaintiff admitted that, as of the first day on the job, "it was **_obvious_** that it [the stool] was **_broken_**." In his responses to Defendant's Interrogatories, Plaintiff admitted that he knew "[t]he stool was defective for at least 4 or so months (when Plaintiff's started working at Kroger)." At his deposition, he testified that knew the stool had been broken for almost a year prior to the incident. In any event, it is undisputed that Plaintiff knew the stool was broken for many months before the Incident occurred.

5. Not only did Plaintiff know that the stool was broken, Plaintiff agreed that "everyone" who worked in the fuel kiosk knew it too. Further, Plaintiff had informed his immediate supervisor and all the Store's management that the stool was broken. For example, Plaintiff reported the stool was broken to his supervisor during the first week he started working at the Store – and multiple times after that.

6. Per Kroger's policies and procedures, fuel associates – including Plaintiff – are not allowed to sit while interacting with customers.

7. Under well-settled Texas law, Kroger is entitled to summary judgment on Plaintiff's premises-liability claim because the condition was open and obvious and known to Plaintiff prior to the Incident.

### III.
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Kroger respectfully moves for summary judgment on Plaintiff's "employer negligence" claim because he is limited solely to a premises-liability claim since he alleges he was injured by a condition of the premises and not a concurrent negligent activity. Defendant is likewise entitled to summary judgment on Plaintiff's premises-liability cause of action because Plaintiff cannot establish the "duty" element, since the condition was open and obvious and was actually known by Plaintiff.

### IV.
### PRAYER

For the reasons stated above, and as more fully explained and argued in Defendant's Brief in Support of Motion for Summary Judgment and as evidenced in its Appendix in Support of Defendant's Motion for Summary Judgment, Defendant respectfully prays that this Honorable Court grant Defendant's Motion for Summary Judgment in its entirety, render judgment that Plaintiff take nothing from Defendant, award Defendant its costs incurred in defending this matter; and grant such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ Michael W. Stumbaugh

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause pursuant to and in accordance with the Federal Rules of Civil Procedure May 2, 2022.

/s/ Michael W. Stumbaugh
Michael W. Stumbaugh