IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:21-cv-01648 |
| | § | |
| KROGER TEXAS LP, | § | |
| | § | |
|     Defendant. | § | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

**HARTLEY LAW FIRM**

/S/ Austin F. Hartley

Austin F. Hartley
State Bar No. 24087676
J. Seth Madden
State Bar No. 24126588
Hartley Law Firm
2340 E. Trinity Mills Rd., Ste. 100
Carrollton, Texas 75006
Telephone: (469) 289-6063
Facsimile:  (972) 692-7122
Email: Austin@hartleylawtx.com
Email: Seth@hartleylawtx.com
**ATTORNEYS FOR PLAINTIFF**

# **TABLE OF CONTENTS**

**Description** **Page**

Table Of Contents…………………………………..……………………………………………….……i

Table Of Authorities…………………………………………………………………………………..ii- iii

I. Summary………………………………………………………………………………………1

II. Summary Judgment Evidence………………………………………………………………....1

III. Statement of Facts………………………………………………………………………...1-2

IV. Summary Judgement Standard……………………………………………………………...3

V. Argument and Authorities…………………………………………………………………..4

    A. This is Not a Premises Liability Case, But a Negligence Case Based Upon Defendant's Failure to Provide Necessary Instrumentalities…………………....4

    B. If This Is a Premises Liability Action, the Dangerous Condition of the Subject Stool Was Not Open and Obvious………………………………………….6

    C. Even if the Condition of the Subject Stool Was Open and Obvious, The Necessary Use Exception Applies for the Purposes of a Premises Liability Action……………………………………………………………………...9

VI. Conclusion and Prayer…………. …………………………………………………………..11

VII. Certificate of Service……………………………………………………………………….12

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Adam Dante Corp. v. Sharpe*,
   483 S.W.2d 452 (Tex. 1972) ............................................................................................. 10
*Amigos Meat Distributors, L.P. v. Elizondo*,
   2011 WL 5026227 (Tex.App.–Houston [1st Dist.] Oct. 20, 2011, no pet) ............................... 9
*Austin v. Kroger Tex., L.P.*,
   465 S.W.3d 193 (Tex. 2015) ....................................................................................... Passim
*Caterpillar, Inc. v. Shears*,
   911 S.W.2d 379 (Tex. 1995) ............................................................................................. 10
*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548 (1986) ................................................................................. 6
*Cent. Ready Mix Concrete Co. v. Islas*,
   228 S.W.3d 649 ............................................................................................................ 7, 8
*County of Cameron v. Brown*,
   80 S.W.3d 549 (Tex. 2002) ............................................................................................... 10
*Del Lago*,
   307 S.W.3d ...................................................................................................................... 8
*Garcia v. Pueblo Country Club*,
   299 F.3d 1233 (10th Cir.2002) .......................................................................................... 7
*Gen. Electric Co. v. Moritz*,
   257 S.W.3d 211 ............................................................................................................ 7, 8
*J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*,
   76 F.3d 1245 (1st Cir. 1996) .............................................................................................. 6
*Keetch v. Kroger Co.*,
   845 S.W.2d 262 (Tex.1992) ............................................................................................... 7
*Kroger Co. v. Elwood*,
   197 S.W.3d 793 (Tex.2006) ............................................................................................... 9
*Kroger Co. v. Milanes*,
   474 S.W.3d 321 (Tex. App.—Houston [14th Dist.] 2015, no pet. .............................................. 9
*Lee Lewis Constr., Inc. v. Harrison*,
   70 S.W.3d 778 (Tex.2001) ................................................................................................. 8
*Los Compadres Pescadores, L.L.C. v. Valdez*,
   622 S.W.3d 771 (Tex. 2021) ........................................................................................ 10, 11
*Massman-Johnson v. Gundolf*,
   484 S.W.2d 555 (Tex. 1972) .............................................................................................. 10
*Parker*,
   565 S.W.2d ...................................................................................................................... 10
*State v. One (1) 2004 Lincoln Navigator*,
   494 S.W.3d 690 (Tex. 2016) .............................................................................................. 10
*State v. Shumake*,
   199 S.W.3d 279 (Tex.2006) ............................................................................................... 7
*Stirrup v. Anschutz Tex.*, LP,

    2018 WL 3616880 (Tex. App.—Dallas July 30, 2018, no pet.) ............................................... 13
*Tex. Dep't of Hum. Servs. v. Okoli*,
    440 S.W.3d 611 (Tex. 2014) ...................................................................................................... 10
*Tex. W. Oaks Hosp., L.P. v. Williams*,
    371 S.W.3d 171 (Tex.2012) ........................................................................................................ 9

**Statutes**

Tex. Lab. Code Ann. § 406.002(a) (West 2015) .......................................................................... 9
Tex. Lab. Code Ann. § 406.033(d*)* .................................................................................................. 9

**Rules**

Fed. R. Civ. P. 56 .............................................................................................................................. 4
Fed.R.Civ. P. 56(e) .......................................................................................................................... 6
Fed.R.Civ.P.56(c) ............................................................................................................................ 6

# I. SUMMARY

Plaintiff opposes Defendant's motion for summary judgment because this Court must resolve any disputes of the factual and material issues in this action in favor of Plaintiff. Accordingly, this Court cannot enter summary judgment in favor of Defendant under Fed. R. Civ. P. 56.

# II. SUMMARY JUDGMENT EVIDENCE

Plaintiff has included the following summary judgment evidence with this brief:

| | | | |
|---|---|---|---|
| A. | Exhibit A – | App 1 -- App 16 | Relevant Excerpts from the Transcript of the January 18, 2022, Remote Oral Deposition of Beau Hearn ("Plaintiff's Deposition") |
| B. | Exhibit B -- | App 17 -- App 19 | May 19, 2022, Affidavit of Beau Hearn (Plaintiff's Affidavit |
| C. | Exhibit C -- | App 20 – App 22 | Defendant's Responses to Plaintiff's Interrogatories |
| D. | Exhibit D -- | App 23 – App 38 | Relevant Excerpts from the Transcript of the February 22, 2022, Remote Oral Deposition Kroger Employee Terry Taylor |

# III. STATEMENT OF FACTS

1. On June 15, 2020, Plaintiff was employed as a fuel kiosk associate at the Kroger Store, located at 536 Centennial Blvd., Richardson, Texas 75081.[1]

2. At all relevant times, Defendant was a non-subscriber to Worker's Compensation insurance.

3. While Plaintiff was aware before the incident that the subject stool was defective in that it was missing a center brace, his requests to replace the subject stool were based upon a fear

---

[1] *See* Ex. B at Line 1; See also Ex. A at 12: 13-18

of cutting himself on the sharp edges where the brace had been, not that the stool would collapse.[2]

4.        Plaintiff had no other safe option but to use the defective stool in order to perform his employment duties at Kroger Texas, LP.

5.        Plaintiff broke no policies or procedures when he used the subject stool on the date of the incident.[3]

6.        During his initial employment interview Plaintiff informed Scoey Cash, an employee of Defendant, that he had medical issues that would not allow him to remain standing for multiple hours at a time. Plaintiff was advised this condition would not be a problem with his employment with Defendant and that there was a stool in the gas kiosk. Thus, the defective stool was provided to Plaintiff so he could necessarily complete duties related to his employment.

7.        There are no enforced policies or procedures of Kroger that prevent fuel kiosk employees from sitting while on the job when not interacting with customers. Kroger management advised they did not frown upon employees sitting while not interacting with customers.[4]

8.        Plaintiff, at all relevant times, was not interacting with a customer at the time of the incident. Therefore, any expectations that employees remain standing while interacting with customers are not applicable, which Defendant has admitted.[5]

9.        Multiple employees other than Plaintiff had used the stool without incident during the

---

[2] See Ex. B at Line 9.

[3] See Ex. C Request No. 7:
   **REQUEST NO.7:** Identify all documents setting forth Plaintiff's violation of any of your policies, procedures, regulations, and work rules in effect as of the date of the incident made the basis of this lawsuit, which you contend and/or reasonably believe supports your contention that the violation was the sole proximate cause of Plaintiff's injuries and damages.
   **RESPONSE:** None.

[4] See Exhibit D at p. 20:22-25

[5] *See* Defendant's Brief in Support of its Motion for Summary Judgment, on file in this lawsuit, at p.3 Line 7.

course and scope of their employment to perform their job duties.[6]

## IV. SUMMARY JUDGMENT STANDARD

Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. See Fed.R.Civ.P.56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); see *Celotex Corp.,* 477 U.S. at 322-23, 106 S. Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, the defendant must demonstrate an absence of genuine factual dispute. See Celotex Corp., 477 U.S. at 327, 106 S.Ct. at 2555. Only if the defendant meets his burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed.R.Civ. P. 56(e).

In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir.2002).

## V. ARGUMENT

### A. This is Not a Premises Liability Case, but a Non-Subscriber Case Based Upon Defendant's Failure to Provide Necessary Instrumentalities.

In a typical premises-liability case, the landowner owes the invitee two duties: a duty

---

[6] See Ex. B at Line 6.

to keep the premises reasonably safe and a duty not to injure the invitee through contemporaneous negligent activity. See, e.g., *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006) (distinguishing a negligent-activity claim, which "results from a contemporaneous activity," from a premises-defect claim, which "is based on the property itself being unsafe"); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992) (holding that trial court did not err in submitting only premises-liability claim when injury arose from pool of water that employee had created at least thirty minutes before accident). Thus, when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability. See *Shumake*, 199 S.W.3d at 284; *Keetch*, 845 S.W.2d at 265. However, when the landowner is also an employer and the invitee is also its employee, this additional relationship may give rise to additional duties, such as a *duty to provide necessary equipment*, training, or supervision. See *Gen. Electric Co. v. Moritz,* 257 S.W.3d 211, 215 n. 15 (Tex.2008); *Cent. Ready Mix Concrete Co. v. Islas,* 228 S.W.3d 649, 651-652 & n. 10 (Tex.2007); *See also Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).

In *Austin*, The Supreme Court of Texas stated that "when an injury arises from a premises condition, it is often the case that any resulting claim sounds exclusively in premises liability, but that is not necessarily the case. An injury can have more than one proximate cause." *Del Lago*, 307 S.W.3d at 774; *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 784 (Tex.2001). In *Austin*, the plaintiff argued that his employer's failure to provide him with the necessary instruments to perform his job was a proximate cause of his injuries, and the Texas Supreme Court agreed. *Austin* at 216. The *Austin* case was even closer than the instant case to a "typical" premises liability case as the Plaintiff slipped on liquid. Here, equipment provided by Kroger was defective causing Hearn's injuries. Kroger had previously been placed on notice of the defect but did

nothing. As Austin's employer, the Court found that Kroger owed Austin duties in addition to its premises-liability duty and its duty not to engage in negligent activities, including the duty to provide Austin with necessary instrumentalities. *Id.*

The Court further ruled that only an employer that has control over the premises where the employee is injured has a premises-liability duty to the employee, but the duty to provide necessary and safe instrumentalities *applies to employers generally*. See *Moritz*, 257 S.W.3d at 215; *Islas* at 652 & n. 10 (Tex.2007). "If we were to adopt the rule Kroger advocates, employees injured on their employers' premises by the employer's failure to provide necessary and safe equipment would have to try their claims under a premises-liability theory of recovery, while employees injured on premises not owned by their employers would have to prosecute the same breach of duty under a general negligence theory of recovery—two different claims with different elements of proof." *Austin* at 216. The same standard should be applied to the case at hand. Notably, Kroger is also the Defendant in this case. Kroger is making the same argument in this case that was rejected in *Austin*.

Here, Plaintiff had previously informed Defendant that he would not be able to perform his employment duties without being able to sit for intermittent periods of time, and he was informed that this would not be an issue, as there was already the subject stool located in the fuel kiosk.[7] This stool was a necessary for Plaintiff to perform his job.[8] He was never told that he could not use the provided subject stool when not assisting customers and Kroger management did not enforce any policy concerning this.[9] The stool was placed by Kroger employees in the area where

---

[7] *See* Ex. A 27:16-24; *See also* Ex. A at 28:14-22.

[8] See Ex. B at Line 3; *See also* Ex. A at 19: 24-25 and 20:1.

[9] *See* Ex. D at 20:22-25 and 21:1-7.

fuel kiosk employees were expected to work and assist customers. In fact, Plaintiff's manager even requested a new stool prior to Plaintiff's injuries, and Plaintiff's manager's manager stated that he could order a new stool for the employees.[10]

As Plaintiff had not only informed Defendant that he would require a chair for the completion of his employment duties, but the subject stool was provided for him by Defendant, this cause of action remains a non-subscriber action and Defendant's motion for summary judgement on this issue should be denied in as much as it provided him defective equipment, which proximately caused his injury.

In attempting to convince the Court that the stool was not a necessary instrumentality, Defendant makes a very important omission. Defendant predicates its argument that the stool is not a necessary instrumentally on the following: Plaintiff was not allowed to sit on the stool while customers were present. Def. Mtn at 1, I.  More unequivocally, Defendant states "[f]urthermore, Plaintiff has no viable claim that the stool was a necessary instrumentally, since he was not allowed to sit down **while a customer was present."** Def. Mtn. p. 10. However, Defendant then later states in its stipulated facts "For purposes of this motion only, Defendant does not dispute that Plaintiff was eating lunch and there were no customers present. Therefore, no policy would have prohibited Plaintiff from sitting down to eat." *Id*. At p. 4, paragraph 7. It then, in conclusory fashion, states "the stool was certainly not a necessary instrumentality for Plaintiff to perform his job duties. *Id.* These statements are incongruent and opposite. This issue in conjunction with Plaintiff's evidence causes their motion as to necessary instrumentality to fail. Defendant does not even attempt to address Plaintiff's clear deposition testimony that he advised Kroger that he needed the stool to perform his job due to medical issues, and that Kroger agreed. Even if Plaintiff did not have these

---

[10] Ex D. at 28:23-25 – 29:1-11.

restrictions, the stool is necessary for the performance of his job duties and was provided by Kroger. This case is an even clearer case of a necessary instrumentality than *Austin*. Therefore, this is a non-subscriber case in the traditional sense, not a premises liability case.

"If an employer elects to be a non-subscriber to workers' compensation insurance, as Kroger has, then it is subject to suits at common law for damages, to which it can raise only limited defenses." *Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 186 (Tex.2012) (citing Tex. Lab. Code Ann. § 406.002(a) (West 2015)). In that situation, an employee injured on the job must file suit and "prove the elements of a common law negligence claim." *Id.* (citing Tex. Lab. Code Ann. § 406.033(d*));  Amigos Meat Distributors, L.P. v. Elizondo*, No. 01–10–00867–CV, 2011 WL 5026227, at *2 (Tex.App.–Houston [1st Dist.] Oct. 20, 2011, no pet) (mem.op.). To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Austin* at 217 (Tex.2015); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006); *Kroger Co. v. Milanes*, 474 S.W.3d 321, 335 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Here, Defendant has a duty to furnish Plaintiff with instrumentalities that allowed him to safely perform his employment duties. *Austin* at 216. By providing Plaintiff with the subject stool that was defective in nature, Kroger breached that duty to its employee. As a result of that breach, Plaintiff suffered damages which were proximately caused by the defective equipment. In fact, Terry Taylor, Plaintiff's manager testified as follows when asked about sitting on the stool in the kiosk:

> Like I said, it wasn't an issue because –they're only supposed to sit down in between customers . . .[11]

Per Kroger's own manager's testimony, fuel clerk were "supposed to" sit on the stool between customers. This statement alone creates a fact issue on the issue of necessary

---

[11] Ex D at 29:1-7.

instrumentality and requires Defendant's Motion be denied.

The stool provided by Defendant is clearly a piece of equipment furnished for use by Kroger employees while performing their job duties. Kroger does not argue to the contrary. If Kroger's argument is to be taken seriously, it would essentially eliminate any non-subscriber case involving defective equipment and instead transform those cases into premises liability matters. This argument should be roundly rejected, as it was in *Austin*, and Kroger's motion for summary judgement should be outright denied on this basis. Finally, it should be noted that Defendant has only challenged whether or not Plaintiff's claims are a non-subscriber claim sounding in negligence, and not any of the elements of such a claim. Therefore, should the Court determine it is a negligence claim, Defendant's entire Motion fails.

### B. If This Is a Premises Liability Action, the Dangerous Condition of the Subject Stool Was Not Open and Obvious

A danger is open and obvious when the evidence conclusively establishes that an invitee would have "knowledge and full appreciation of the nature and extent of danger," such that "knowledge and appreciation of the danger are considered as proved as a matter of law." *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 459 (Tex. 1972), abrogated on other grounds by *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978). When the danger is open and obvious, the property owner generally has no obligation to warn of the danger or make the premises safe, as a matter of law. *Massman-Johnson v. Gundolf,* 484 S.W.2d 555, 556–57 (Tex. 1972).

Whether a danger is open and obvious is a question of law determined under an objective test. *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995). The question is whether the danger is "so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof." *Parker*, 565 S.W.2d at 516. Under the objective standard, the question is not what the plaintiff subjectively or actually knew but *what a reasonably prudent person would*

*have known under similar circumstances*. *Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014). To properly apply an objective test, we must consider the "totality of" the "particular" circumstances the plaintiff faced. *State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 706 (Tex. 2016) ("An objective determination ... requires an examination of the totality of the circumstances."); *County of Cameron v. Brown*, 80 S.W.3d 549, 558 (Tex. 2002). Important to this case, the correct analysis is whether or not Plaintiff knew and appreciated the type of danger that actually harmed the Plaintiff. Knowledge of the defect is insufficient.

The Texas Supreme Court has recently applied this objective test when determining whether a dangerous condition was open and obvious for the purposes of a premises liability action. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 790 (Tex. 2021), reh'g denied (June 11, 2021). That case involved a construction crew working on a landowner's property where a powerline was *clearly visible* and near the crew. *Id*. The construction crew was aware of the presence of the powerline and made efforts to avoid it throughout their work. *Id.* Unfortunately, a large piece of rebar being held by the crew came into contact with the live powerline, and the crew was electrocuted. *Id.* Just like our case, the defendant property owner relied upon the open and obvious defense. *Id.* There, the Court concluded that although the presence of the power line was open and obvious as a matter of law, the fact that it was energized, and thus the dangerous condition it presented, was not. *Id.*

Here, it cannot be said that a reasonable person would have "knowledge and full appreciation of the nature and extent of the danger," such that "knowledge and appreciation of the danger are considered as proved as a matter of law." While Plaintiff was aware that a support was missing on the subject stool, the propensity of the stool to collapse was not open and obvious for the purposes of a premises liability case. While Plaintiff did request to Kroger management that

the stool be replaced, his concern was that he would cut himself on the sharp edges where the brace had broken off, not that the stool would collapse under him.[12] Plaintiff did not testify that he reported it because he thought it would collapse. Just like the powerline in *Los Compadres Pescadores,* the mere presence of the *potentially dangerous* condition is not enough to prove that the danger is open and obvious, a reasonable person must also be aware of the nature and the extent of the danger of the condition. *Valdez* at 790. Here, Plaintiff and others had used the subject stool with the missing support multiple times without incident and it cannot be said that a reasonable person would have full appreciation of the nature and extent of the danger of the stool collapsing associated with using it.

This does not relieve the property owner of their duty to prevent the risk of unreasonable harm. When a landowner "has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent" to reduce or eliminate that risk. *Del Lago Partners, Inc.* at 769. Regardless of whether a reasonable person would have *full appreciation* of the nature and extent of the danger associated with a condition on the premises, a property owner should still understand and be aware that a *potentially dangerous* condition such as a powerline or a stool missing a center ring-support would still pose an unreasonable risk of harm.

Here, Defendant was the property owner of the store where Plaintiff worked. Defendant was also previously aware of the defective nature of the subject stool, as it had been reported numerous times and was seen by Kroger management.[13] In fact, Defendant's own store manager admitted the defective stool was reported to him but did nothing to replace it. Therefore,

---

[12] *See* Ex. B at Line 9.

[13] See Ex. A at 21:6-25, 22:1-13, 23:12-20.

Defendant's motion for summary judgment must be denied.

### C. Even if the Condition of the Subject Stool Was Open and Obvious, The Necessary Use Exception Applies for the Purposes of a Premises Liability Action

As a general rule, the Texas Supreme Court has repeatedly described a landowner's duty as a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). It is undeniable in this case that Kroger had actual knowledge of the danger.[14] When invitees are aware of dangerous premises conditions, whether because the danger is obvious or because the landowner provided an adequate warning, the condition will, *in most cases*, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises. *See* Restatement (Third) Of Torts: Liab. For Physical & Emotional Harm § 51 Cmt. A (2012); See also *Id.* Kroger does not assert that it provided Plaintiff a warning.

However, The Supreme Court of Texas has recognized two exceptions this general rule: (1) criminal activity exception; and (2) the necessary-use exception. *Id.* In *Austin*, the court discussed the "necessary-use exception," arising from its decision in *Parker. Austin*, 465 S.W.3d at 206. This exception applies when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* at 207. The necessary use exception "preserves ... the landlord's duty under limited circumstances" to protect or warn an invitee against unreasonably dangerous premises conditions that are open

---

[14] Ex. D at 25:22-25 – 26:1-13.

and obvious or otherwise known to the invitee. *Id.* at 213. In cases involving the necessary use exception, "the obviousness of the danger and the invitee's appreciation of it may be relevant to a landowner's defense based on the invitee's proportionate responsibility, but they do not relieve the landowner of its duty to make the premises reasonably safe." *Id.* at 204.

This exception has been seen multiple times throughout Texas jurisprudence, notably by the Dallas Court of Appeals in *Stirrup v. Anschutz Texas, LP*. That case involved an invitee who was at a theater when she had to use dark stairs to find her seat, causing her to fall and sustain injuries. *Stirrup v. Anschutz Tex.,* LP, No. 05-17-00613-CV, 2018 WL 3616880 (Tex. App.—Dallas July 30, 2018, no pet.). The court in that case found that it was necessary for the plaintiff to use the dark stairs to find her seat even though the darkness of the stairs was open and obvious, and reversed the trial court's previous grant of summary judgment on the open and obvious issue. *Id.* at 5. Citing *Austin*, the court stated, "In sum, although we agree with the trial court's apparent conclusion that the dark lighting in the theater was open and obvious, we also conclude that Stirrup's evidence is sufficient to raise a fact issue whether the necessary use exception applies. *Id.* at 5; See *Austin*, 465 S.W.3d at 204–06 (where necessary use exception applies, plaintiff's awareness of risk does not relieve landowner's duty to make premises safe). Summary judgment was not proper on Stirrup's premises liability claim." *Stirrup* at 5.

Here, Plaintiff had informed his employer, Defendant, that it would be necessary to him to use the stool because of his prior back issues and was told that his use of the stool would not be a problem.[15] Not only should Defendant should have reasonably expected that the stool would be necessary for Plaintiff's use, but it was also provided to him by Defendant for that very

---

[15] See Ex. B at Line 3, *See also* Ex. A at 27:17-24 and 28:14-16.

purpose.[16] It was placed in the precise area where fuel kiosk employees are required to remain during their shift. Defendant did not provide an alternative, as the only other device for Plaintiff to sit on was another separate chair in a back office that was even more unsafe than the subject stool.[17] Terry Taylor hedges his bets in his deposition on this important issue. Ultimately, he states that there is no policy against sitting, he was aware of the stool in the kiosk long before Hearn's incident, and admitting that when a kiosk employee was not helping a customer he "didn't ok it, but didn't from upon it either."[18] Terry Taylor testified that the stool that injured Plaintiff had been in the fuel kiosk since he started working at the Kroger store.[19] Plaintiff has raised more than a scintilla of evidence that his use of the subject stool that was provided to him for his use during the course and scope of his employment was necessary for him to complete his employment duties. As such, Defendant's motion for summary judgment should be denied.

## VI. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Beau Hearn respectfully requests that Defendant's Motion for Summary Judgement be denied in all things, and for such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HARTLEY LAW FIRM**

/S/ Austin F. Hartley

Austin F. Hartley
State Bar No. 24087676
J. Seth Madden

---

[16] See Ex. B Lines 4 & 5; *See also* Ex. A at 19: 24-25 and 20:1.

[17] See Ex. A at 28:3-13.

[18] See Ex. D at 20:3-25 and 21:1-7

[19] Ex. D at 24:4-16.

          State Bar No. 24126588
          Hartley Law Firm
          2340 E. Trinity Mills Rd., Ste. 100
          Carrollton, Texas 75006
          Telephone: (469) 289-6063
          Facsimile:  (972) 692-7122
          Email: Austin@hartleylawtx.com
          Email: Seth@hartleylawtx.com
          **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on May 23, 2022.

/s/ Austin Hartley

Austin F. Hartley
