IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:21-cv-01648 |
| | § | |
| KROGER TEXAS, L.P. | § | JURY DEMANDED |
| Defendant. | § | |

---

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S NO-EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Respectfully submitted,

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

Filed on May 27, 2022

**TABLE OF CONTENTS**                                                    P<span>AGE</span>

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES.......................................................................................... iii

    Cases ...................................................................................................................... iii

    Statutes ................................................................................................................. iv

    Rules ...................................................................................................................... iv

I.     INTRODUCTION ............................................................................................. 1

II.    STATEMENT OF THE ISSUES ..................................................................... 1

III.   PLAINTIFF'S CLAIMS ................................................................................... 2

IV.   SUMMARY JUDGMENT EVIDENCE .......................................................... 3

V.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................ 4

VI.   SUMMARY OF THE MOTION ...................................................................... 6

VII.  PROCEDURAL HISTORY ............................................................................. 6

VIII. LEGAL STANDARDS..................................................................................... 7

    A.   Federal Summary Judgment Standard.................................................... 7

    B.   Texas Common Law Controls ............................................................... 8

IX.   ARGUMENT AND AUTHORITY .................................................................. 8

    A.   Kroger's Summary Judgment Evidence Shows Plaintiff was the Sole
        Proximate Cause of His Injuries, Because He Knew the Stool Was
        Broken but Chose to Sit on It Anyway. ................................................. 8

        1.   "Sole Proximate Cause" Is Not an "Affirmative" Defense. .................. 8

        2.   Kroger is Permitted to Assert the Defense that Plaintiff was the
             Sole Proximate Cause of His Injuries. .................................................. 9

        3.   There is Substantial Evidence that Plaintiff was the Sole
             Proximate Cause of His Injuries. ......................................................... 10

    B.   The Same Evidence Shows Kroger Was Not Negligent, Thus Supporting
        Kroger's "Unavoidable Accident" Defense. ............................................. 12

PAGE

C.    Plaintiff's Medical Records Indicate He has Pre-Existing Conditions. ........................ 12

D.    Plaintiff – Not Defendant – Has the Burden of Proof on Kroger's Other Defenses................................................................................................................ 13

    1.    "Acts of Third Parties" Is Not an "Affirmative" Defense................................... 13

    2.    "Malingering" Is Not an Affirmative Defenses. ................................................. 14

X.    CONCLUSION AND PRAYER ................................................................................................. 15

CERTIFICATE OF SERVICE ............................................................................................................. 16

**TABLE OF AUTHORITIES**                                                P̲A̲G̲E̲

C̲ASES

*Aircraft Holding Sols., LLC v. Learjet, Inc.*,
    No. 3:18-CV-0823-D, 2022 WL 562760 (N.D. Tex. Feb. 23, 2022) (slip copy)
    (Fitzwater, J.) ................................................................................................. 13

*Am. Jet, Inc. v. Leyendecker*,
    683 S.W.2d 121 (Tex. App.—San Antonio 1984, no writ) ................................... 8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................... 7

*Brookshire Bros. v. Wagnon*,
    979 S.W.2d 343 (Tex. App.—Tyler 1998, pet. denied) ...................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986); .......................................................................................... 7

*CMH Homes Inc. v. Daenen*,
    15 S.W.3d 97 (Tex. 2000) .................................................................................. 3

*Cooper v. Oklahoma*,
    517 U.S. 348 (1996) ......................................................................................... 14

*Corbin v. Safeway Stores, Inc.*,
    648 S.W.2d 292 (Tex. 1983) .............................................................................. 3

*Del Lago Partners, Inc. v. Smith*,
    307 S.W.3d 762 (Tex. 2010) .............................................................................. 3

*Dixon v. Wal-Mart Stores, Inc.*,
    330 F.3d 311 (5th Cir. 2003) .............................................................................. 8

*Duncan v. 1st Tex. Homes*,
    464 S.W.3d 8 (Tex. App.—Fort Worth 2015, pet. denied) .............................. 8, 9

*Erie R. v. Tompkins*,
    304 U.S. 64 (1938) ............................................................................................. 8

*Hall v. Timmons*,
    987 S.W.2d 248 (Tex. App.—Beaumont 1999, no pet.) ................................. 8, 9

*Holiday Hills Ret. & Nursing Ctr., Inc. v. Yeldell*,
    686 S.W.2d 770 (Tex. App.—Fort Worth 1985) ............................................... 8

PAGE

*Khan v. Velsicol Chem. Corp.*,
    711 S.W.2d 310 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) .............................................. 13

*Kroger Co. v. Keng*,
    23 S.W.3d 347 (Tex. 2000) ......................................................................................... 9

*Najera v. Great Atl. & Pac. Tea Co.*,
    146 Tex. 367, 207 S.W.2d 365 (1948) ............................................................................. 9

*Reinhart v. Young*,
    906 S.W.2d 471 (Tex. 1995) ....................................................................................... 12

*Rivers v. Kroger Tex. L.P.*,
    No. 3:08-CV-1612-D, 2009 WL 2596601 (N.D. Tex. Aug. 21, 2009) (not
    designated for publication) (Fitzwater, C.J.) ....................................................................... 3

*Select Ins. Co. v. Boucher*,
    561 S.W.2d 474 (Tex. 1978) ........................................................................................ 8

*Walker v. Sears Roebuck & Co.*,
    853 F.2d 355 (5th Cir. 1988) ....................................................................................... 7

*Wal-Mart Stores, Inc. v. Gonzalez*,
    968 S.W.2d 934 (Tex. 1998) ........................................................................................ 3

*Walzier v. Newton Trucking Co.*,
    27 S.W.3d 561 (Tex. App.—Amarillo 2000, no pet.) ........................................................... 8

**STATUTES**

TEX. LAB. CODE. ANN. § 406.033 (West 2021) ..................................................................... 9

**RULES**

FED. R. CIV. P. 56(a) (2021) ............................................................................................ 7

FED. R. CIV. P. 8 (2021) ............................................................................................... 13

**I.**

**INTRODUCTION**

This is a premises-liability case, in which Plaintiff alleges that, while he was an employee working in Kroger's fuel center, he fell after sitting down on a stool that he had already known for months was broken. Plaintiff asserted an "employer negligence" claim against Kroger.

Plaintiff has brought a motion for partial summary judgment on Kroger's so-called "affirmative" defenses. However, Defendant never labeled its defenses as "affirmative," and many of its defenses are merely defenses to Plaintiff's claims, for which Plaintiff has the burden of proof – not Kroger. For the actual "affirmative" defenses that Plaintiff was "the sole proximate cause" of his own injuries and "unavoidable accident," Defendant has produced ample evidence in the form of Plaintiff's own deposition testimony as well as his discovery responses, detailed below, that Plaintiff had known for months that the stool at issue was broken, yet he chose to sit on it anyway, conclusively establishing that he was the sole proximate cause of his injuries and/or that Kroger was not negligent as a matter of law – let alone providing more than a scintilla of evidence on such defenses. With respect to the actual affirmative defense that Plaintiff's injuries preexisted the Incident, Plaintiff's medical records are replete with notations and diagnoses of such pre-existing conditions. Finally, Plaintiff's no evidence motion with respect to the defenses of "acts of third parties" and "malingering" is improper, because Plaintiff himself has the burden of proof on those issues.

**II.**

**STATEMENT OF THE ISSUES**

The following issues of law need to be determined with respect to Plaintiff's No evidence Motion for Partial Summary Judgment. Plaintiff's admissions, Kroger's uncontroverted summary

judgment evidence, and the applicable law, mandate a response favorable to Kroger on the issues

stated below:

1. Whether Defendant may assert and has produced more than a scintilla of evidence to support its affirmative defense of "sole proximate cause," when the Texas Labor Code expressly provides for such defense, and Plaintiff's admissions and deposition testimony conclusively establish that he knew the stool was broken, but chose to sit on it anyway;

2. Whether Defendant has produced more than a scintilla of evidence to support its affirmative defense of "unavoidable accident," when Plaintiff's admissions and deposition testimony conclusively establish that Kroger was not negligent, since Plaintiff knew the stool was broken, but chose to sit on it anyway;

3. Whether Defendant has produced more than a scintilla of evidence to support its affirmative defense of "pre-existing condition," when Plaintiff's medical records are replete with notations that he had/has osteoarthritis and signs of an old, healed, boxer's fracture of his right hand; and

4. Whether "acts of third parties," and "malingering" are affirmative defenses on which Defendant bears the burden of proof, and, if so, whether Defendant has produced more than a scintilla of evidence to support such defenses.

### III.
### PLAINTIFF'S CLAIMS

Plaintiff asserts an "employer-negligence" claim resulting when he fell after knowingly

sitting on a broken stool in Kroger's fuel center kiosk. Plaintiff's claim should be considered a

premises-liability action:

To prove a premises-liability cause of action, Plaintiff must establish:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

- 2 -

(4)    That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.[1]

Likewise, as in all negligence-based causes of action, Plaintiff must also establish a duty owed to him, breach of that duty, and damages proximately caused by the breach.[2]

## IV.
## SUMMARY JUDGMENT EVIDENCE

Defendant has included the following summary judgment evidence with this response, which provides more than a scintilla of evidence on Kroger's affirmative defenses:

| | | |
|---|---|---|
| Exhibit A | App. 1 - App. 22 | Relevant excerpts from the transcript of the January 18, 2022 Remote Oral Deposition of Beau Hearn ("Plaintiff's Deposition"); |
| Exhibit B | App. 23 - App. 31 | Plaintiff's Responses to Defendant's First Request for Admissions ("Plaintiff's Admissions"); |
| Exhibit C | App. 32 - App. 40 | Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories (Plaintiff's Answers to Interrogatories); |
| Exhibit D | App. 41 - App. 52 | Relevant excerpts of Plaintiff's Redacted June 15, 2020 Medical Records from Methodist Richardson Medical Center (produced by Plaintiff in this litigation); and |
| Exhibit E | App. 53 - App. 58 | Relevant excerpts of Plaintiff's Redacted January 4, 2022 Medical Records from Dallas Medical Center/ Lipson Tech, LLC (produced by Plaintiff in this litigation). |

---

[1]    *CMH Homes Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *see also Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Rivers v. Kroger Tex. L.P.*, No. 3:08-CV-1612-D, 2009 WL 2596601, at *2 (N.D. Tex. Aug. 21, 2009) (not designated for publication) (Fitzwater, C.J.) (citations omitted).

[2]    *See e.g., Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

**V.**

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

The following are undisputed material facts:

1.      On June 15, 2020, while Plaintiff was an employee at the Kroger Store located at 536 Centennial Blvd., Richardson, TX 75081-5147 (the "Store) as a fuel associate in the Store's fuel center kiosk, Plaintiff alleges that he fell when the broken stool Plaintiff was sitting on collapsed while he was eating lunch (the "Incident").[3]

2.      At all relevant times, Kroger was a non-subscriber to Worker's Compensation insurance.

3.      Plaintiff knew long before the Incident that the stool was broken.[4]  Plaintiff had examined the stool and determined that it was missing a support.[5]

4.      Indeed, Plaintiff admitted that, as of the first day on the job, "it was ***obvious*** that it [the stool] was ***broken***."[6] In his responses to Defendant's Interrogatories, Plaintiff admitted that he knew "[t]he stool was defective for at least 4 or so months (when Plaintiff's started working at Kroger)."[7] At Plaintiff's deposition, he testified that knew the stool had been broken for almost a year prior to the incident.[8] Regardless of Plaintiff's confusion of how long he knew

---

[3]   *See* Pl's Orig. Pet., on file in this lawsuit as Exhibit 2 of Defendant's Notice of Removal; *see also* Jan. 18, 2022 Remote Oral Depo. of Beau Hearn ("Pl's Depo."), relevant excerpts of which are attached as <u>Exhibit A</u>, at pp. App. 6:8-18, App. 6:22 – App. 7:2, App. 7:16-17.

[4]   *See* Pl's Depo. (Exh. A) at p. App. 9:2-13; Pl's Resps. to Def's 1st Request for Admissions (Pl's Admissions"), attached as <u>Exhibit B</u>, at p. App. 28, No. 18.

[5]   Pl's Depo. (Exh. A) at p. App. 9:2-13.

[6]   *Id.* at p. App. 9:7-8 (emphasis added).

[7]   Pl's Ans. & Objs. to Def's 1st Set of Interrs. ("Pl's Ans. to Interrs."), attached as <u>Exhibibt C</u>, at p. App. 37, No. 9.

[8]   Pl's Depo. (Exh. A) at p. App. 9:17-24.

the stool was broken, it is undisputed that Plaintiff knew the stool was broken for many months before the Incident occurred.

5.      Not only did Plaintiff know that the stool was broken, He testified that "everyone" who worked in the fuel kiosk knew it too.[9]  Further, Plaintiff had informed his supervisor and all of the Store's management that the stool was broken.[10] For example, Plaintiff reported the stool was broken to his supervisor during the first week he started working at the Store – and multiple times after that.[11]

6.      Plaintiff was trained and knew that he was not allowed to sit down – on the stool or on anything – when customers were present.[12]

7.      For purposes of this response only, Defendant does not dispute that Plaintiff was eating lunch and there were no customers present. Therefore, no policy would have prohibited Plaintiff from sitting down to eat. However, the stool was certainly not a necessary instrumentality for Plaintiff to perform his job duties.

8.      Plaintiff's medical records show he already had osteoarthritis and signs of an earlier fracture in his right hand.

9.      Plaintiff's medical records also show he has had negative results for all special tests for his right hand, yet still complains there has been no improvement in two years.

---

[9]   *Id*. at p. App. 12:12-20.

[10]  *Id*. at p. App. 10:6-12; Pl's Admissions (Exh. B) at p. App. 28, Nos. 18-22; Pl's Ans. to Interrs. (Exh. C) at p. App. 35, No. 2.

[11]  Pl's Depo. (Exh. A) at pp. App. 10:23 – App. 11:2.

[12]  *See id*. at pp. App. 8:15 – 20:1 (**Q.** . . . Were you trained to not use a stool when interacting with customers? **A.** Yes. . . . I had to be up and in person with the customers").

## VI.
## SUMMARY OF THE MOTION

Plaintiff does not dispute that he knew about the broken stool and chose to sit on it anyway. Thus, Plaintiff is the sole proximate cause of his injuries, which is a permissible defense for Kroger under the Texas Labor Code. Such evidence is also sufficient to support Kroger's claim that it is not negligent and, thus, if the jury found Plaintiff not negligent also, the incident would be an "unavoidable accident." Next, Plaintiff's medical records mention innumerable times that Plaintiff has osteoarthritis and had it prior to the Incident. He also has signs of an old, healed, boxer's fracture of his right hand. This is legally sufficient evidence of Plaintiff's "pre-existing conditions." Finally, "acts of third parties," and "malingering" are not affirmative defenses on which Defendant bears the burden of proof. Instead, each of these defenses is merely some aspect of the elements of Plaintiff's cause of action, and on which he has the burden of proof.

## VII.
## PROCEDURAL HISTORY

1.      Plaintiff filed his Original Petition in State court on July 2, 2021.

2.      Defendant filed its Original Answer in State court on July 13, 2021 and removed this case to federal court on July 16, 2021.

3.      Defendant served its discovery requests, including Defendant's Requests for Admissions and Interrogatories on Plaintiff on September 1, 2021.

4.      Plaintiff served his responses to Defendant's discovery requests in October 2021.

5.      Pursuant to the Court's Scheduling Order entered on August 24, 2021, the deadline for discovery was April 29, 2022 and the deadline for dispositive motions was May 6, 2022.

**VIII.**
**LEGAL STANDARDS**

A.     FEDERAL SUMMARY JUDGMENT STANDARD

With respect to Kroger's affirmative defenses, this Court may grant summary judgment only if Plaintiff "shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law on the defense identified in its motion on which summary judgment is sought.[13] A genuine issue of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[14] When weighing the evidence on a motion for summary judgment, the Court must decide all reasonable doubts and draw all reasonable inferences in favor on the non-movant.[15] The Court cannot make a credibility determination in light of conflicting evidence or competing inferences.[16] As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence, the motion for summary judgment must be denied." *Id*. at 250. The burden of proof in a summary-judgment proceeding is on the same party who would bear the burden of proof at trial.[17]

---

[13]   FED. R. CIV. P. 56(a) (2021).

[14]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15]   *See Walker v. Sears Roebuck & Co.*, 853 F.2d 355 (5th Cir. 1988).

[16]   *Anderson*, 477 U.S. at 255.

[17]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986);

B.   **TEXAS COMMON LAW CONTROLS**

When jurisdiction is based upon diversity, as here, the law of the forum state applies.[18]

Thus, Texas substantive law controls in this case.[19]

IX.
ARGUMENT AND AUTHORITY

A.   **KROGER'S SUMMARY JUDGMENT EVIDENCE SHOWS PLAINTIFF WAS THE SOLE PROXIMATE CAUSE OF HIS INJURIES, BECAUSE HE KNEW THE STOOL WAS BROKEN BUT CHOSE TO SIT ON IT ANYWAY.**

   1.   **"Sole Proximate Cause" Is Not an "Affirmative" Defense.**

Sole proximate cause is not an affirmative defense.[20] Instead, it is an inferential rebuttal defense.[21] "The basic characteristic of an inferential rebuttal is that it presents a contrary or inconsistent theory from the claim relied upon for recovery."[22] Specifically, evidence illustrating sole proximate cause does not tend to interject an independent basis for denying recovery for the plaintiff once he establishes a *prima facie* case.[23] Rather, it tends to disprove an element of the plaintiff's cause of action or the existence of the *prima facie* case.[24]

However, even though "sole proximate cause" is not an affirmative defense, as detailed below, there is considerable evidence that Plaintiff solely caused the incident and his injuries.

---

   [18]   *Erie R. v. Tompkins,* 304 U.S. 64 (1938); *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003) (applying Texas substantive law in a premises liability case).

   [19]   *Erie R.,* 304 U.S. 64; *Dixon*, 330 F.3d at 314.

   [20]   *Duncan v. 1st Tex. Homes*, 464 S.W.3d 8, 22 (Tex. App.—Fort Worth 2015, pet. denied).

   [21]   *Id*. (citing *Walzier v. Newton Trucking Co.*, 27 S.W.3d 561, 563-64 (Tex. App.—Amarillo 2000, no pet.); *Am. Jet, Inc. v. Leyendecker*, 683 S.W.2d 121, 126 (Tex. App.—San Antonio 1984, no writ)).

   [22]   *Id*. (quoting *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex. 1978)).

   [23]   *Id*.

   [24]   *Id*. (citing *Walzier*, 27 S.W.3d at 564; *Hall v. Timmons*, 987 S.W.2d 248, 255 (Tex. App.—Beaumont 1999, no pet.); *Holiday Hills Ret. & Nursing Ctr., Inc. v. Yeldell*, 686 S.W.2d 770, 775 (Tex. App.—Fort Worth 1985), *rev'd on other grounds*, 701 S.W.2d 243 (Tex. 1985)).

2. **Kroger is Permitted to Assert the Defense that Plaintiff was the Sole Proximate Cause of His Injuries.**

Plaintiff is wrong that Kroger, as a nonsubscriber to Worker's Compensation insurance, is barred from arguing sole proximate cause. Notably, Plaintiff cites no case law or statute to support his preposterous argument. Indeed, section 406.033 of the Texas Labor Code only bars three common law defenses. Moreover, it expressly allows an employer to defend the action on the ground at that the injury was caused by the employee himself. Section 406.033 reads in relevant part as follows:

> (a) In an action against an employer by or on behalf of an employee who is not covered by workers' compensation insurance . . . to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that:
>
> (1) the employee was guilty of contributory negligence;
>
> (2) the employee assumed the risk of injury or death; or
>
> (3) the injury or death was caused by the negligence of a fellow employee.
>
> . . .
>
> (c) The employer may defend the action on the ground that the injury was caused . . . ***by an act of the employee*** intended to bring about the injury.[25]

Likewise, it is well-settled law in Texas that, "[e]ven though a nonsubscribing employer forgoes certain defenses, it is still entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury.[26] Consequently, Kroger is permitted to assert the affirmative defense that Plaintiff was the sole proximate cause of the Incident and his injuries.

---

[25] TEX. LAB. CODE. ANN. § 406.033 (West 2021).

[26] *Duncan*, 464 S.W.3d at 22 (citing *Najera v. Great Atl. & Pac. Tea Co.*, 146 Tex. 367, 371, 207 S.W.2d 365, 367 (1948); *Hall*, 987 S.W.2d at 255; *Kroger Co. v. Keng*, 23 S.W.3d 347, 352 (Tex. 2000); *Brookshire Bros. v. Wagnon*, 979 S.W.2d 343, 347 (Tex. App.—Tyler 1998, pet. denied)).

**3.** **There is Substantial Evidence that Plaintiff was the Sole Proximate Cause of His Injuries.**

Furthermore, there is overwhelming evidence showing that Plaintiff was the sole proximate cause of his injuries, since he knew the stool was broken but chose to sit on it anyway. For example, Plaintiff testified and admitted that he inspected the stool and identified that it was broken; he knew it was broken, everyone else knew it was broken; and Plaintiff reported the broken stool to his higher-ups beginning the first week he started working at the Store:

> **REQUEST FOR ADMISSION NO. 18:**     Admit that You were aware the Stool was Defective **_before_** the Incident in Question.
>
> **RESPONSE:**     Admit.[27]

*     *     *

Q.     What was wrong with the stool?

**A.     It was missing a support.**

Q.     How do you know what was wrong with the stool?

**A.     It was broken prior to me starting there.**

Q.     How do you know that?

**A.     The first day I was there, it was obvious that it was broken.**

Q.     How was it obvious?

**A.     There were weld marks where a brace should have been.**

Q.     Does that mean that you examined the stool?

**A.     Yes.[28]**

*     *     *

---

[27]   Pl's Admissions (Exh. B) at p. App. 28, No. 18.

[28]   Pl's Depo. (Exh. A) at p. App. 9:2-13.

Q.      . . . When did you report the stool to Pamela Compton?

**A.      First week I was there.**

Q.      Did you ever report it again to her?

**A.      Multiple times.**[29]

*      *      *

**INTERROGATORY NO. 2:**      Please describe any conversations You have had with Defendant or any witness or employee of Defendants . . ..

      **ANSWER:**      . . . Plaintiff cannot recall the dates and details of all relevant conversations. However, he did ask his supervisor Pam Comptom [sic] several times about getting a new stool prior to the incident. Plaintiff is also aware of other Kroger employees who knew the stool was damaged: Terry Taylor and Taylor Wade. Other employees Plaintiff believes were aware and/or may have reported the damaged stool to management prior to the incident are as follows: Scoey Cash, Carl Trotman, and Chand Shaikh.[30]

*      *      *

**INTERROGATORY NO. 9:**      Do You contend Kroger was aware the Stool was Defective prior to the Incident in Question? . . .

      **ANSWER:**      Yes. Plaintiff advised his manager Pam Comptom [sic] of the broken stool prior to the incident several times and was told she would she had spoken to corporate about it and nothing was being done. He does not remember the date and time of this conversation. He also believes other employees may have advised management of the issues. The stool was defective for at least 4 or so months (when Plaintiff's started working at Kroger).[31]

*      *      *

Q.      How long had you been working -- how many months had you been working at Kroger prior to the stool collapsing?

**A.      Would have been a little over -- not quite a year.**

---

[29]   *Id.* at pp. App. 10:23 – App. 11:2.

[30]   Pl's Ans. to Interrs. (Exh. C) at p. App.35, No. 2.

[31]   *Id.* at p. App. 37, No. 9.

- 11 -

Q.     So the stool had been missing a brace for at least almost a year; is that correct?

A.     Yes.[32]

Kroger's summary judgment evidence provides more than a scintilla of evidence that Plaintiff was the sole proximate cause of the incident and his injuries. Therefore, Plaintiff's Motion for Partial Summary Judgment on that issue must be denied.

**B.     THE SAME EVIDENCE SHOWS KROGER WAS NOT NEGLIGENT, THUS SUPPORTING KROGER'S "UNAVOIDABLE ACCIDENT" DEFENSE.**

An unavoidable accident is "an event not proximately caused by the negligence of any party to it."[33] In the present case, Kroger's summary judgment evidence establishing that Plaintiff knew of the broken stool yet chose to encounter it anyway, demonstrates that Kroger is not negligent. If by some freak happenstance the factfinder believes Plaintiff, too, is not negligent, that is the very definition of an unavoidable accident. Consequently, Plaintiff's Motion for Partial Summary Judgment on that issue must be denied.

**C.     PLAINTIFF'S MEDICAL RECORDS INDICATE HE HAS PRE-EXISTING CONDITIONS.**

Plaintiff's medical records are replete with evidence that his injuries preexisted the Incident at issue. Just for two examples, x-rays of Plaintiff's right hand on the day of the Incident showed moderate osteoarthritis as well as an old, healed, boxer's fracture and, among other things, his final diagnosis that day included primary osteoarthritis of the right hand.[34] Likewise,

---

[32]   Pl's Depo. (Exh. A) at p. App. 9:17-24.

[33]   *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995).

[34]   Plaintiff's Redacted June 15, 2020 Medical Records from Methodist Richardson Medical Center (produced by Plaintiff in this litigation), relevant excerpts of which are attached as <u>Exhibit D</u>, at pp. App. 44, App. 52.

after a year and a half of treatment, Plaintiff's primary diagnosis is still "localized primary osteoarthritis of right hand."[35]

### D.    PLAINTIFF – NOT DEFENDANT – HAS THE BURDEN OF PROOF ON KROGER'S OTHER DEFENSES.

Rule 8 the Federal Rules of Civil Procedure identify the affirmative defenses that a defendant have has the burden of proof to establish. Those affirmative defenses are as follows:

> accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.[36]

The remainder of Plaintiff's Motion for Partial Summary Judgment improperly argues that Kroger has no evidence of matters on which Plaintiff has the burden of proof.

### 1.    "Acts of Third Parties" Is Not an "Affirmative" Defense.

Acts of third parties is simply not an affirmative defense.[37] Rather, it is part and parcel of Plaintiff's claim against Kroger that it was negligent. Plaintiff has the burden to show that Kroger was negligent.[38] If a third-party that was not under the control of Kroger caused the condition at issue, Plaintiff cannot prove the required element that Kroger breached a duty of care, and Plaintiff's claim fails as a matter of law.

However, even though it is not an affirmative defense, Plaintiff's Admissions demonstrate that an unknown third party created the condition. For example, Plaintiff admits that the stool

---

[35]    Plaintiff's Redacted January 4, 2022 Medical Records from Dallas Medical Center/Lipson Tech, LLC (produced by Plaintiff in this litigation), relevant excerpts of which are attached as Exhibit E, at pp. App. 54, App. 57.

[36]    FED. R. CIV. P. 8.

[37]    *Khan v. Velsicol Chem. Corp.*, 711 S.W.2d 310, 317 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("[E]vidence that the act of a third party was the sole producing cause of the injury does not present an affirmative defense").

[38]    *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-CV-0823-D, 2022 WL 562760, at *10 (N.D. Tex. Feb. 23, 2022) (slip copy) (Fitzwater, J.) (holding that "[Plaintiff] will have the burden of proof at trial with respect to its negligence claim against [Defendant]").

was missing a brace, but he does not know where the stool originally came from and does not

know how or by whom the stool was broken. Plaintiff admits as follows:

> **REQUEST FOR ADMISSION NO. 6:**        Admit that You do not know what
> caused the Stool to become Defective.
>
> > **RESPONSE:**        Admit.[39]
>
> . . .
>
> **REQUEST FOR ADMISSION NO. 16:**        Admit that no Kroger employee
> caused the Stool to become Defective.
>
> > **RESPONSE:**        Plaintiff lacks sufficient information to admit or
> > deny this request.
>
> **REQUEST FOR ADMISSION NO. 17:**        Admit You have no evidence that a
> Kroger employee caused the Stool to become Defective.
>
> > **RESPONSE:**        Discovery is ongoing, Plaintiff will supplement.[40]

Thus, although not an affirmative defense, Kroger's summary judgment evidence, nonetheless,

provides more than a scintilla of evidence that the condition was created by acts of third parties.

Therefore, Plaintiff's Motion for Partial Summary Judgment on that issue must be denied.

> **2.        "Malingering" Is Not an Affirmative Defenses.**

The United States Supreme Court has held that due to the difficulty in ascertaining

whether a person is malingering, it appropriate to place the burden of proof on him.[41] Thus,

"malingering" is not an affirmative defense.

However, even if it were, Plaintiff's medical records establish that his incident occurred

on June 15, 2020, and, yet, as late as his most recent treatment on January 4, 2022, Plaintiff

---

[39]   Plaintiff's Admissions (Exh. B) at p. App. 26, No. 6.

[40]   *Id.* at p. App. 28, Nos. 16-17.

[41]   *Cooper v. Oklahoma*, 517 U.S. 348, 349 (1996) ("Difficulty in ascertaining whether a defendant is incompetent or malingering may make it appropriate to place the burden of proof on him").

reports no improvement of his thumb pain.[42] Moreover, Plaintiff had negative results on every one of the special tests performed on his right hand.[43] This is some evidence that Plaintiff is malingering.

Therefore, although not an affirmative defense, Kroger's summary judgment evidence, nonetheless, provides more than a scintilla of evidence that Plaintiff is malingering. Consequently, Plaintiff's Motion for Partial Summary Judgment on that issue must be denied.

## X.
## CONCLUSION AND PRAYER

Based on the foregoing arguments, authorities, and the undisputed facts and evidence, Plaintiff's Motion for Partial Summary Judgment should be denied. Kroger is permitted to assert the defense that Plaintiff was the sole proximate cause of his injuries. Furthermore, Plaintiff's undisputed summary judgment evidence shows that Plaintiff knew the stool was broken, yet chose to sit on it nonetheless. Likewise, Plaintiff's medical records show that he has pre-existing conditions and is malingering. Finally, "acts of third parties" and "malingering" are not affirmative defenses on which Kroger has the burden of proof.

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. respectfully prays that the Court deny Plaintiff's Motion for Partial Summary Judgment in its entirety, award Kroger its costs incurred in defending this matter; and grant all such other and further relief, both general and special, at law or in equity, to which Kroger may be justly entitled.

---

[42] Plaintiff's Medical Record from Dallas Medical Center/Lipson Tech, LLC (Exh. E), at p. App. 54.

[43] *Id*. at p. App. 56.

Respectfully submitted,

/s/ Michael W. Stumbaugh

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause pursuant to and in accordance with the Federal Rules of Civil Procedure on May 27, 2022.

/s/ Michael W. Stumbaugh

Michael W. Stumbaugh