IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAU HEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-1648-D |
| VS. | § | |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a workplace accident, defendant Kroger Texas, L.P. ("Kroger") moves for summary judgment, and plaintiff Beau Hearn ("Hearn") moves for partial summary judgment. For the reasons that follow, the court denies both motions.

I

Hearn was employed as a fuel kiosk associate at a Kroger store located in Richardson, Texas.[1] According to Hearn, during his initial employment interview, he informed Scoecy Cash ("Cash"), a Kroger assistant manager, that he had a disability that prevented him from remaining standing for multiple hours at a time. Kroger told Hearn that he could use the stool in the fuel kiosk to sit when he needed to, as long as no customers were present. This

---

[1]Because both sides move for summary judgment, the court will recount the evidence that is undisputed, and, when it is necessary to set out evidence that is contested, will do so favorably to the side who is the summary judgment nonmovant in the context of that evidence. *See, e.g.*, *GoForIt Ent., LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 718 n.4 (N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1 n.2 (N.D. Tex. June 5, 2007) (Fitzwater, J.)).

instruction was consistent with Kroger policy, which only prohibited employees from sitting in the presence of customers.

On his first day of work, Hearn noticed that the stool was missing a support brace. He reported the issue multiple times to several different Kroger employees, including the fuel lead and all three assistant managers, including Cash. Hearn was told that Kroger would look into getting the stool replaced. On June 15, 2020 Hearn was sitting on the stool eating lunch when the stool collapsed, injuring Hearn's right thumb.

In July 2021 Hearn filed this suit in a county court at law, alleging that Kroger was negligent because, *inter alia*, it breached its duty to provide Hearn with reasonably safe equipment by providing him with a broken stool. Kroger removed the case to this court based on diversity jurisdiction. Kroger now moves for summary judgment, contending that Hearn is limited to a premises-liability claim and that Kroger owed Hearn no duty because the condition of stool was open and obvious. Hearn moves for partial summary judgment, contending, *inter alia*, that Kroger has failed to adduce evidence to support its affirmative defenses. Both motions are opposed, and the court is deciding them on the briefs.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond its pleadings and designate specific

facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet its burden. *Little*, 37 F.3d at 1076.

For claims on which the moving party will bear the burden of proof at trial, to be entitled to summary judgment the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

The court begins with Kroger's motion for summary judgment.

A

Kroger moves for summary judgment on Hearn's negligence claim, contending that he is limited to a premises-liability claim and that Kroger had no duty to warn him of the dangers posed by the broken stool because they were open and obvious. Hearn responds that he is asserting a negligence claim based on Kroger's breach of its duty as his employer to provide him with a necessary instrumentality, not a premises-liability claim.

B

"Under Texas law, negligence consists of four essential elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002) (quoting *Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997)). "Under the general umbrella of negligence, there are distinct species of claims," including, premises-liability claims, negligent activity claims, and claims based on the non-delegable duties that employers owe their employees. *Odom v. Kroger Tex., L.P.*, 2014 WL 585329, at *3 (N.D. Tex. Feb. 14, 2014) (Fitzwater, C.J.). Premises liability involves unique elements,[2] and

---

[2]The elements of a premises-liability claim are:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an

-4-

Texas courts sometimes refer to non-premises-liability cases as "ordinary negligence" cases. *See, e.g.*, *Exxon Corp. v. Garza*, 981 S.W.2d 415, 420 (Tex. App. 1998, pet. denied) ("As noted above, the case was submitted to the jury on two theories—ordinary negligence and premises liability.").

In *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015), the Supreme Court of Texas held that "an employer has the same premises-liability duty to its employees as other landowners have to invitees on their premises[,]" and "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin*, 465 S.W.3d at 201-02, 215. But the court also explained that "when the landowner is also an employer and the invitee is also its employee, this additional relationship may give rise to additional duties, such as a duty to provide necessary equipment, training, or supervision." *Id.* at 215. Thus in cases involving an employee's claim of negligence against his employer, the Supreme Court of Texas and other courts have held that a plaintiff-employee is not necessarily limited to a premises-liability claim when injured by a condition of the premises. *See id.* at 216 ("The fact that Austin alleged that a condition of the premises proximately caused his injury does not preclude his

---

        unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014) (per curiam).

allegation that Kroger's negligent failure to provide the Spill Magic system also caused his injury."); *see also Austin v. Kroger Tex., L.P.*, 614 Fed. Appx. 784, 784 (5th Cir. 2015) (per curiam) (remanding to the district court to consider plaintiff's claim of negligence in the first instance because an employer owes its employees "duties in addition to its premises-liability duty and its duty not to engage in negligent activities, including the duty to provide [plaintiff] with necessary instrumentalities" (quoting *Austin*, 465 S.W.3d at 216)); *Odom*, 2014 WL 585329, at *5-10 (rejecting argument that plaintiff-employee was limited to a premises-liability claim).

C

Kroger maintains that Hearn is limited to a premises-liability claim because he was injured by a condition of the premises rather than an activity concurrently conducted by Kroger. The court disagrees. Hearn alleges that Kroger was negligent because, *inter alia*, it supplied him with a defective stool, thereby breaching its duty "to supply reasonably safe and or suitable equipment." Pet. 3. Hearn posits that the stool was a necessary instrumentality because he has a disability that requires that he be allowed to sit when possible, and that Kroger was aware of this fact. It is clear from the record that it is Hearn's theory that Kroger was negligent by failing to provide Hearn with safe, necessary equipment: namely by failing to provide him with a safe stool on which to sit during times when sitting was permitted. Because this claim is based on the additional duties that Kroger allegedly owed to Hearn as his employer, *Austin* does not foreclose this claim. The court therefore rejects Kroger's contention that Hearn cannot assert a negligence claim and is limited instead

to a premises-liability claim.

### D

Having concluded that Hearn can pursue an ordinary negligence claim against Kroger, the court now considers whether Kroger is entitled to summary judgment on that claim.

Kroger makes only two arguments in its summary judgment motion: first, that Hearn is precluded from asserting an ordinary negligence claim because his injury was caused by a condition of the premises, and, second, that Hearn cannot prove the duty element of his premises-liability claim. Kroger has not sufficiently developed any argument that Hearn has failed to adduce evidence that creates a genuine issue of material fact with respect to the elements of his ordinary negligence claim. The court therefore denies Kroger's summary judgment motion to the extent it is addressed to Hearn's ordinary negligence claim. *See Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021) ("Typically, a district court may grant summary judgment only on grounds requested by the moving party." (citing *John Deere Co. v. Am. Nat'l Bank*, 809 F.2d 1190, 1192 (5th Cir. 1987)). This ruling results in denying Kroger's motion in its entirety.

### IV

The court now turns to Hearn's motion for partial summary judgment.

### A

Hearn maintains that he is entitled to partial summary judgment because Kroger has failed to adduce evidence to support what Hearn characterizes are Kroger's six affirmative defenses: (1) sole proximate cause; (2) intervening acts of third parties beyond Kroger's

control; (3) unavoidable accident; (4) pre-existing conditions; (5) failure to mitigate damages; and (6) malingering. Hearn also contends that Kroger is barred from asserting the defenses of sole proximate cause, intervening acts of third parties, unavoidable accident, and pre-existing conditions because Kroger is a non-subscribing employer under the Texas Workers' Compensation Act ("TWCA"), Tex. Lab. Code Ann. §§ 401.001-419.007 (West 2015). Kroger responds, *inter alia*, that these defenses are not affirmative defenses and that Kroger is permitted to assert them under the TWCA.

B

The court begins with Hearn's contention that Kroger is barred from asserting the defenses of sole proximate cause, intervening acts of third parties, unavoidable accident, and pre-existing conditions because Kroger is a non-subscribing employer under the TWCA.

It is undisputed that Kroger is a non-subscribing employer under the TWCA. "[T]he TWCA vests employees of non-subscribing employers with the right to sue their employers for work-related injuries, and the TWCA deprives the non-subscribing employer of the traditional common law defenses of contributory negligence, assumption of the risk, and the fellow-servant rule." *Odom*, 2014 WL 585329, at *2 (citing Tex. Lab. Code Ann. § 406.033(a)). Section 406.033(a), however, only lists those common law defenses, and does not discuss any of the defenses that Kroger asserts. This suggests that Kroger is entitled to rely on the defenses that Hearn now challenges. *See also Wolfe v. C.S.P.H., Inc.*, 24 S.W.3d 641, 644 (Tex. App. 2000, no pet.) (declining to "judicially create a fourth prohibited defense for nonsubscribers" and holding that because the Texas legislature did not include waiver as

-8-

a defense that is prohibited for non-subscribers, a non-subscriber employer was entitled to assert this defense).

Hearn cites no case law to support his contention that the TWCA deprives Kroger of these defenses, and the existing case law either does not resolve the question or is contrary to his position. For example, courts have held that non-subscribing employers are entitled to assert the defense of sole proximate cause. *See, e.g.*, *Ramos v. Home Depot Inc.*, 2022 WL 1018394, at *4 (N.D. Tex. Apr. 5, 2022) (Starr, J.) ("[A] non-subscribing employer is entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury." (quoting *Brown v. Holman*, 335 S.W.3d 792, 795 (Tex. App. 2011, no pet.))); *Duncan v. First Tex. Homes*, 464 S.W.3d 8, 22 (Tex. App. 2015, pet. denied) ("Even though a nonsubscribing employer forgoes certain defenses, it is still entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury.").

The court therefore concludes that Hearn is not entitled to summary judgment barring Kroger from asserting any of these defenses on the basis that it is a non-subscribing employer under the TWCA.

C

The court next considers Hearn's argument that he is entitled to summary judgment as to what he posits are Kroger's affirmative defenses, because Kroger has failed to adduce any evidence to support these defenses. For at least the following two reasons, the court concludes that Hearn's motion for partial summary judgment should be denied and that these

defenses should be resolved by a trial.[3]

1

First, Hearn repeatedly mislabels Kroger's *defenses* as *affirmative defenses*. And Hearn himself bears the burden as to some of what he posits are affirmative defenses.[4]

The defenses of sole proximate cause, intervening acts by third parties outside of Kroger's control, and unavoidable accident are properly characterized as inferential rebuttal defenses,[5] not affirmative defenses. *See* Tex. Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation §§ 3.1, 3.2, 3.4 (2020) (categorizing the defenses of new and independent cause, sole proximate cause, and unavoidable accident as inferential rebuttal defenses, not affirmative defenses); *Dillard v. Tex. Elec. Co-op.*, 157 S.W.3d 429, 432 (Tex. 2005) (same). And although failure to mitigate damages[6] is treated

---

[3]"[E]ven in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'" *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 255). Given Hearn's mischaracterization of Kroger's defenses and his conclusory briefing, the court in its discretion denies Hearn's motion for partial summary judgment on this basis as well.

[4]The court is not holding that Hearn bears the burden as to all the defenses at issue in his motion for partial summary judgment.

[5]Inferential rebuttal defenses "are distinct from affirmative defenses in that an inferential rebuttal, as the name implies, rebuts part of the plaintiff's cause of action, while an affirmative defense relieves the defendant of liability even if all the elements of the plaintiff's cause of action are established." *Buls v. Fuselier*, 55 S.W.3d 204, 211 (Tex. App. 2001, no pet.).

[6]In the personal injury context, failure to mitigate damages is "a doctrine typically applied to a post-occurrence action, such as when a plaintiff fails to follow his doctor's treatment instructions." *Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 560 (Tex.

as an affirmative defense in other areas of law, the Supreme Court of Texas has held that "a failure to mitigate damages in a personal injury case is not an affirmative defense." *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 448-49 (Tex. 1967) (explaining that "damages resulting from [a failure to treat injuries as a reasonably prudent person would] are ultimately not proximately caused by the wrongdoer's acts or omissions"); *see Perez v. Perez*, 2013 WL 398932, at *13 (Tex. App. Jan. 31, 2013, no pet.) (mem. op.) ("The Supreme Court has held that a party's failure to mitigate damages by treatment of personal injuries is not an affirmative defense and does not have to be specifically pleaded to allow the admission of evidence on the issue and entitle an opposing party to an instruction on the issue."); *but see Sanchez v. Swift Transp. Co. of Ariz.*, 2017 WL 5640835, at *2 & n.2 (W.D. Tex. May 30, 2017) (treating failure to mitigate damages in a personal injury case as an affirmative defense).

     Hearn likewise mischaracterizes as an affirmative defense Kroger's allegation that Hearn's damages were caused by his pre-existing condition, not Kroger's negligence. It is Hearn—not Kroger—who bears the burden to show that his damages were caused by Kroger's negligence and not his pre-existing condition. *See Greene v. W&W Energy Servs.,*

---

2015); *see Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 447 (Tex. 1967) ("We recognize the universality of the rule that an injured person cannot recover damages which can be avoided by that care and treatment of his injury which an ordinary prudent person would exercise in the same or similar circumstances . . . ."). "A plaintiff's post-occurrence failure to mitigate his damages operates as a reduction of his damages award" and is not considered as part of the analysis of which party is responsible for the plaintiff's injuries. *Nabors Well Servs.*, 456 S.W.3d at 564.

*Inc.*, 2021 WL 5155670, at *2 (S.D. Tex. May 10, 2021) (denying plaintiff's motion for summary judgment as to defendant's defense of pre-existing condition because this "is not an affirmative defense, but rather it is the plaintiff's burden to show that the defendant's conduct caused the injuries about which she complains")*; Briley v. Wal-Mart Stores, Inc.*, 2018 WL 276368, at *6 (S.D. Tex. Jan. 3, 2018) ("Plaintiff nonetheless bears the burden of showing that she was injured and that her injuries were proximately caused by [defendant]'s negligence, and not a pre-existing condition.").[7] And although there is limited Texas law addressing malingering in the context of negligence cases, Kroger appears to assert that Hearn is exaggerating his injuries and that his medical treatment was not medically necessary or reasonable, which are issues on which Hearn bears the burden of proof. *See Jefferson Cnty. v. Akins*, 487 S.W.3d 216, 232 (Tex. App. 2016, pet. denied) ("A plaintiff has the burden to prove the amount of medical expenses the plaintiff incurred and to establish that the expenses were reasonable and necessary for the injuries plaintiff sustained."); *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 397 (Tex. App. 2010, no pet.) ("The presence or absence of pain is an inherently subjective question for which the plaintiff bears the burden of production and persuasion.").

---

[7]Moreover, even if Kroger bore the burden of proof on this issue, the court would deny Hearn's motion for partial summary judgment because there is a genuine issue of material fact regarding whether Hearn's damages were caused by the accident or his pre-existing conditions. For example, Kroger has adduced evidence that Hearn's primary diagnosis was osteoarthritis of his right hand. *See* D. App. (ECF No. 36) at 52, 54, 57; *see also Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) ("When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact.").

2

Second, Hearn's motion is conclusory. He repeatedly states only that "[d]efendant has produced no deposition testimony or other evidence in support of this defense," P. Resp. (ECF No. 30) at 4, 5, 6, and he fails to articulate any other basis that establishes that he is entitled to summary judgment. Because Hearn has failed to demonstrate that Kroger will have the burden of proving these defenses at trial, he cannot simply point to the absence of evidence to support these defenses and thereby shift the burden to Kroger to establish a genuine issue of material fact.

Because Hearn's motion for partial summary judgment mischaracterizes the nature of Kroger's defenses and only conclusorily asserts that Kroger has failed to produce evidence in support of these defenses, the court exercises its discretion to deny the motion.

\* \* \*

Accordingly, for the reasons explained, the court denies Kroger's motion for summary judgment and denies Hearn's motion for partial summary judgment.

**SO ORDERED**.

July 7, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE